MERRITT *v.* ROLLINS.

5-1922                                        329 S. W. 2d 544

Opinion delivered December 14, 1959.

*Charles A. Walls, Jr.,* for appellant.

*House, Holmes, Butler & Jewell,* for appellee.

ED. F. McFADDIN, Associate Justice. The issue on this appeal is whether the claim of appellant **was presented** in the manner required by the Probate Law (§ 62-2604 Ark. Stats.).

L. C. Merritt died testate, a resident of Pulaski County, Arkansas; and the appellee, Mrs. Linnie Rollins, was duly appointed executrix of his estate. Within the time provided by law (on October 10, 1957), the appellant, Mrs. Tommie Merritt, went to the office of the executrix and presented her with a document reading:

"In the Probate Court of Pulaski County, Arkansas

In the Matter of the Estate of Lawrence C. Merritt, deceased                                        No. 32564

"During the time that the decedent and Russell and Tommy Merritt were in business together in California the earning of the Claimant and her deceased hus-

band was $80,000.00, which amount was retained by the decedent for safe keeping, and $19,000.00 which amount is now due to the claimant as her share of the operation of the business in Mississippi.

"That the decedent had in his possession $80,000.-00 of claimants moneys and the balance of $19,000.00 is due for settlement of accounts from the operation of businesses in Mississippi making a total due of $99,-000.00.

"Affidavit to claim against estate.

I, Tommie Merritt, do solemnly swear that the attached claim against the estate of Lawrence C. Merritt, deceased, is correct, that nothing has been paid or delivered toward the satisfaction thereof except what is credited thereon, that there are no offsets to the same, to the knowledge of this affiant, except as therein stated, and that the sum of Ninety Nine Thousand and no/100 Dollars ($99,000.00) is now justly due (or will or may become due as stated therein). I further state that if this claim is based upon a written instrument, the copy thereof, including all endorsements, which is attached hereto, is true and complete.

-----------------------------------

STATE OF ARKANSAS
COUNTY OF PULASKI

Subscribed and sworn to before me, this day of        , 19   .

(SEAL)

-----------------------------------
Official Title."

It will be observed that the paper presented to the executrix was unsigned and that the affidavit was likewise unaccomplished. When she presented the paper to Mrs. Rollins, Mrs. Merritt said: "I brought you a present . . . It is some money Mr. Merritt owed Russell". Mrs. Rollins said: "This is ridiculous". Mrs.

Merritt said: "What shall I do with this?"; and Mrs. Rollins replied: "Take it and file it at the Clerk's office". Mrs. Merritt left the unsigned document, as copied above, with Mrs. Rollins; and went immediately to the Pulaski Probate Clerk's office and filed with him another document identical to the one above copied except that the filed paper was signed by Mrs. Merritt and the affidavit was duly completed by the Clerk. Both the document left with Mrs. Rollins and the one filed with the Clerk are before us, and one is a carbon copy of the other, except that the one left with the Clerk was signed by Mrs. Merritt and the affidavit completed by the Clerk and bears the notation: "Filed October 10, 1957. R. S. Peters, County and Probate Clerk, Pulaski County, Arkansas". The claim shows that it was filed in the Estate of L. C. Merritt.

On November 3, 1958 the executrix, Mrs. Rollins, filed her disapproval and disallowance of the Merritt claim; on January 22, 1959 there was a hearing in the Probate Court on the disallowance of the claim; and the Probate Court, on appellee's motion, entered judgment dismissing the claim.[1] This appeal resulted; and the only question before us is the correctness of the Court's order holding that the claim was not properly presented. We are not now concerned with the merits of the claim.

We reach the conclusion that the requirements of the law, for the presentation of the claim, were substantially complied with in this case. Our present statute on the presentation and filing of claims is § 113 of Act No. 140 of 1949, and may be found in § 62-

---

[1] The judgment reads: "On this day was presented to the court the motion of the Executrix of the Estate of Lawrence C. Merritt to dismiss the claim of Tommie Merritt; and the Court, after hearing oral evidence and other things and matters before the court, and argument of counsel, does find: No claim in proper form was ever presented to, nor was any proper notice of the filing of said claim ever served upon Mrs. Linnie Rollins, Executrix of the Estate of Lawrence C. Merritt, deceased. The proper time within which a proper notice may be issued and served has elapsed. Therefore, the claim should be dismissed with projudice. It is Therefore, Considered, Ordered, Adjudged and Decreed that the claim of Tommie Merritt be, and it hereby is, dismissed with prejudice."

2604 Ark. Stats.[2] A claimant may file his properly verified claim with the personal representative; or, in the alternative, the claimant may file the properly verified claim with the Court, and then the duty is on the claimant to see that the personal representative is properly notified of the claim.[3] In the case at bar the claimant notified the personal representative of the claim by furnishing an unsigned copy; and then, at the direction of the personal representative, the claimant filed with the Court—the same day—a full and correct claim, duly signed and with the affidavit completed.

It would be putting form above substance to hold that a personal delivery of a copy of the claim to the personal representative was not a sufficient compliance with the requirement for sending of a notice by registered mail. It would likewise be putting form above substance to hold that the notice to the personal representative had to be given *after* the claim had been filed with the Court, when both events took place on the same day. That the Arkansas decisions have not stood for technicalities in this matter of the form and presentation of claims, is shown by the following cases: In *Eddy* v. *Loyd,* 90 Ark. 340, 119 S. W. 264, the required affidavit to the claim did not use the exact statutory words, but rather used words of a similar import. This

---

[2] This section reads: "a. A person having a claim against an estate may present it to the personal representative, properly verified, for approval. The personal representative shall endorse upon the claim the date of the presentation thereof to him, his approval or disapproval thereof, and, if approved, classification thereof, and shall sign the endorsement. A claim approved by the personal representative must be filed with the court by or on behalf of the claimant within thirty days after the expiration of six months from the date of the first publication of the notice to creditors or it shall be barred, as provided in Section 110 (§ 62-2601). A claim, disapproved or not acted upon by the personal representative, must be filed with the court by or on behalf of the claimant within the period fixed by Section 110 (§ 62-2601) or within thirty days after the date of its presentation to the personal representative, whichever shall be the later date, or it shall be barred, as provided in Section 110 (§ 62-2601).

"b. As an alternative to the procedure set forth in subsection a, a person having a claim against an estate may file it with the court, whereupon the clerk shall, by registered mail, notify the personal representative of the filing of the claim."

[3] Section 62-2021 (c) (as amended by § 2 of Act No. 255 of 1951) places on the person giving the notice the burden of preparing, etc. the registered notice.

Court held that the statute had been substantially complied with, and Chief Justice McCulloch used these words: "The affidavit substantially conforms to the requirement of the statute." Likewise, in *Wilkerson v. Eads*, 97 Ark. 296, 133 S. W. 1039, the affidavit did not use the correct statutory words; but this Court held that the words used substantially complied with the statute. Chief Justice McCulloch *again used the words,* "There is substantial compliance with the statute". In *Davenport v. Davenport*, 110 Ark. 222, 161 S. W. 189, the claimant merely attached a verbatim copy of the note to the affidavit instead of the original note, as the law then required; but this Court held that the verbatim copy, along with the affidavit, was substantial compliance with the law. Judge FRANK G. SMITH, writing the opinion of this Court, used these words:

"Here the proper affidavit was made and was attached to a *verbatim* copy of the note sued on, and the jurisdictional requirement was complied with. If it be said that a literal reading of the statute provides that the affidavit be physically attached to the note itself, which we do not decide, there has been substantial compliance with it. This question was raised and decided in a case of *Wilkerson v. Eads*, 97 Ark. 296, wherein a suit upon a note instituted in the chancery court the only affidavit consisted in the verification of the complaint, but its language was such that the court held it to be a substantial compliance with section 114 of Kirby's Digest, although it was there expressly stated that the statute applied to actions according to the forms of the common law against estates of deceased persons, as well as to presentations in the probate court of claims against such estates. The law having been, at least, substantially complied with, the court below should not have dismissed the proceeding, and for its action in so doing the judgment is reversed and the court directed to hear the demand upon its merits."

The rule generally is that substantial compliance is sufficient in this matter of the presentation of claims. The point is discussed in 34 C. J. S. p. 192, "Executors

and Administrators'' § 415; and also in 24 C. J. p. 347, ''Executors and Administrators'' § 982. In each volume the holdings are summarized in these words: ''. . . a substantial compliance with the provisions of such statutes may be sufficient . . .''; and in the two volumes a score of cases from other jurisdictions are cited to sustain the text. The purpose of the presentation of a claim to the administrator or the court is well stated in 21 Am. Jur. p. 577, ''Executors and Administrators'' § 342:

''Presentation is, in general, required for the purpose of protecting the estate of deceased persons, by informing the executor or administrator of the claims against it and thus enabling him to examine each claim and to dermine whether it is a proper one which should be allowed. It has also been said that the primary object of the provisions requiring presentation is to apprise the administrator and the court of the existence of the claim so that a proper and timely arrangement may be made for its payment in full, or by *pro rata* portion in the due course of administration.''

In the case at bar, the claim had the correct form of affidavit, just as prescribed by Official Form No. 18 of the Probate Code Forms, and the affidavit was duly completed[4] and the claim duly filed with the Court. The claim as filed with the Probate Court was complete in every respect. No registered letter was sent by the claimant to the personal representative because the personal representative had already received an unsigned copy of the claim and told the claimant to present the claim to the Probate Court. It all happened the same day; and we hold that there was substantial compliance with the law regarding presentation of the claim. Therefore, the judgment of the Probate Court is reversed and the cause is remanded for the claim to be heard on its merits; and for further proceedings not inconsistent with this opinion.

HOLT, J., dissents.

---

[4] This fact completely satisfies the holdings cited in *Williams* v. *Dawson*, 185 Ark. 1190, 46 S. W. 2d 634.

J. SEABORN HOLT, Associate Justice, dissenting. I would affirm the judgment of the probate court in this case. Mrs. Rollins, as executrix of the estate here, all will agree, was acting not as an individual but as an officer of the court and her duty in administering the estate placed in her hands has been clearly set out by statute. These duties are mandatory and must be literally followed by her official capacity. ''Executors and administrators are officers of the court and occupy a fiduciary relation toward all parties having an interest in the estate. They are not agents of the estate, or of the decedent, and have no principal whom they can bind; they are merely instrumentalities established for performing the acts necessary for the transfer of the effects left by the deceased to those who succeed to their ownership. An executor or administrator as an individual and as an official is, in the eyes of the law, two separate and distinct persons.'' Vol. 33 C.J.S. Sec. 3-b (Executors and Administrators) page 879-80.

The record discloses the following facts: Exhibit One, as set forth in the majority opinion, an admittedly unsigned and unverified claim against the estate of Lawrence Merritt, is the only claim that appears in the record before us. Quoting from the testimony of Mrs. Rollins: ''Q. Mrs. Rollins, were you served with an executed copy of this claim which is signed, this one having been signed by Tommie Merritt? Were you served with a signed copy of that? A. No I was not. Q. Will you tell the court the only notice — THE COURT: She is the administratrix of the estate? MR. TRIMBLE: That is correct. THE COURT: You were not served with any copy? A. The only copy I was served with, Mrs. Merritt brought it up to the office one day and she laid it on the desk, folded like this, and she said 'Mrs. Rollins, I brought you a present'. I opened it up and that is what it was. There was no date, no name or anything on it. Just like that. THE COURT: Was it the same as that? A. Same as that and it was not signed and no date. That is the way it was presented. Q. (Mr. Trimble continuing) Mrs. Rollins, have you ever been served with any notice of any type or nature other than the conversation you just referred to by any party as to the existence of any claim or the fact it had been filed in this

estate? A. I have not. Q. I will ask you, is this the instrument or paper Mrs. Tommie Merritt gave to you? A. Yes. THE COURT: Exhibit One. (Said Claim, being admitted by the court, is marked Exhibit 1 and appended hereto) . . . Q. Mrs. Rollins, the day Mrs. Merritt presented that claim to you did you all discuss it at all? A. No, only she just handed it to me and I looked at it. I said, 'What is this, Tommie?' I call her Tommie, and she said, 'It is some money Mr. Merritt owed Russell.' MR. TRIMBLE: I object to any self serving declaration made by the claimant, any evidence in direct regard to the claim itself. Q. (Mr. Walls continuing) Of course that was not the answer I was seeking. I wanted to know whether or not she stated to you it was a claim she had filed against the L. C. Merritt estate? A. No that is all she said, 'I brought you a present.' Q. She did not state she had filed the original? A. No. . . . Q. Mrs. Merritt, I hand you Exhibit No. 1. Did you or did you not deliver that to Mrs. Rollins? A. I did. Q. At the time of delivery did you state to Mrs. Rollins what it was? A. Yes. Q. Tell the court just what you did state at that time? A. Well Mrs. Rollins and I have always been very friendly and always made a joke out of it and when I told her the amount she said 'That is ridiculous' and laughed. I said 'What shall I do with this?' and she said 'Take it and file it at the Clerk's office.' And so I left her a copy (obviously Exhibit One herein) and we did look at the amount. Q. You went from there to the clerk's office? A. Yes. I also said to Mrs. Rollins, I said 'You know he has our money.' MR. TRIMBLE: I object to any conversation in regard to the merits of the claim. THE COURT: Sustained. A. I also asked the Clerk of the Court over there if that was all I had to fill out and he said yes that was all that was necessary. He did not tell me to sign it or anything. Q. Mrs. Merritt, I hand you this. Is that exactly like the one that you presented to Mrs. Rollins? MR. TRIMBLE: I think they will speak for themselves. THE COURT: One is signed and one is not. Q. (Mr. Walls) Is this the one you filed with the Clerk? A. Yes. THE COURT: One is signed by her and the other one is not. A. As well as I recall I asked Mrs. Rollins if that was all that was necessary to do.''

In the present case appellant, Mrs. Merritt, claims that she has substantially complied with our statutes by filing her claim with the clerk. In the present case the executrix, Mrs. Rollins, never received and never saw appellant's claim until trial before the probate court. She did not receive it through the mail or otherwise. The only claim that she did receive was "Exhibit One", according to the record here. It seems to me that the clear and mandatory duty rested upon Mrs. Merritt to see that the required notice of her claim was given to the executrix and any doubt that she has performed this duty must be resolved in favor of the executrix. The proper procedure for perfecting a claim against an estate is set forth in Sections 62-2604 and 62-2012, Ark. Stats. That part of Section 62-2604 applicable here is as follows: "b. As an alternative to the procedure set forth in sub-section a, a person having a claim against an estate may file it with the court, whereupon the clerk shall, by registered mail, *notify the personal representative of the filing of the claim.*" The applicable portion of Section 62-2012 is: "C. . . . Except when by statute or by order of the court otherwise expressly provided, a notice in a probate proceeding shall be in writing, or print, prepared by or by the procurement of the party upon whom rests the burden of giving the notice and signed by the clerk. *If service is to be by mail,* (as was the case here) *the person preparing the notice shall deliver the same to the clerk properly prepared for the post and the clerk shall be required only to post the same . . .*"

These sections must be read together and when this is done, we think the meaning of these provisions is clear and we hold that they are mandatory. They require that a claimant (as appellant here), after filing her claim with the probate clerk, and thus requiring that serving of notice of the filing of the claim be given to the executrix (Mrs. Rollins here) by mail; then it was claimant's mandatory duty, and the burden was on her, after preparing such notice in writing, then properly to prepare such notice for the post, then deliver it to the clerk, and the only duty required of the clerk was to sign and post said notice. This appellant did not do.

The history of Section 62-2012 (c) seems to dispel any possible doubt in the matter. This was originally Section 12 (c) of the Probate Code and read as follows: "Service by publication and by mail shall be made by the clerk at the instance of the party who requires such service to be made. Personal service may be made in any part of this state and, except as provided in subsection b (2) hereof, may be made by any person not an incompetent." Act 140 of 1949, Section 12 (c). It is quite plain that under the original statute the direction that service by mail be made "by the clerk at the instance of the party" left some doubt as to where the responsibility for preparing the notice rested. In 1951 the legislature clarified its intention by amending Section 12 (c) to read as it does now, with the duty clearly placed on the party to prepare the notice and deliver it to the clerk ready for mailing, so that he need merely sign and post it. Act 255 of 1951.

As pointed out, appellee, the executrix, did not receive Mrs. Merritt's claim by mail or otherwise and the only claim that was ever presented to her, according to this record, was "Exhibit One", an unsigned and unverified claim. Therefore, I think the trial court correctly denied this claim.