Dr. Jack GIBBINS *v.* Porter HANCOCK et al

79-252 590 S.W. 2d 280

Opinion delivered December 3, 1979
(In Banc)

*Henry & Duckett,* by: *Gerry L. Brewer,* for appellant.

*Friday, Eldredge & Clark,* by: *Phillip Malcom, James M. Saxton* and *William T. Baxter,* for appellees.

JOHN I. PURTLE, Justice. The Pulaski Chancery Court denied appellant's petition to contest a will on the grounds it was not filed within six months from the date of notice to probate the will. Appellant contends the five-year time limit applies because actual notice was not given as required by statute.

We are requested to rule that in the absence of strict compliance with the notice of probate statute the five-year statutory period for contesting the will applies. We hold that substantial compliance only is required and affirm the trial court's holding that the appellant had actual and constructive notice of probate of the will. We also disagree with appellant's contention the trial court erred in ruling on the statute of limitations question in a summary manner after a hearing on the question of limitations.

Decedent's will was admitted to probate on December 19, 1975, without notice or hearing. However, the executor prepared and signed the standard notice and mailed copies to the probate clerk along with notice to be mailed to petitioner, the only brother of decedent, with a request for the clerk to mail notice to the interested parties. The envelope to the appellant had been addressed and a registered return receipt attached to the outside of the envelope. The clerk's return address was placed on the return receipt. December 22, 1975, the attorney for the executor mailed a letter and copies of all the papers, including notice of publication, to appellant. This letter was not returned to the attorney although his return address was on the envelope. The first notice of publication ran on December 23, 1975. December 26, 1975, appellant's wife wrote the executor's attorney a letter which stated she hoped all questions had been answered as she did not know what her husband had done with the letter from the attorney.

On January 8, 1976, appellant's attorney filed a special request with the probate clerk asking for notice on all proceedings in the estate. February 9, 1976, the executor's attorney hand delivered a letter and copies of all prior proceedings, including the notice of probate of the will, to the appellant's attorney. The request for notice of all proceed-

ings designated appellant's attorney as the person to receive all such information. In the meantime, the return receipt which had been attached to the letter of December 22, 1975, was returned to the probate clerk without a signature of the addressee as requested. Subsequently, at the hearing on the petition to contest the will, a postal employee testified it was likely that the machine at the post office detached the return receipt from the letter and the receipt was mailed back to the sender. In this case the letter, from which the request had been detached, would customarily be delivered by ordinary mail. In any event, the appellant (addressee) denied having received the letter of December 22, 1975. There is no direct proof that it was received by him. However, information requested in the letter was furnished. The probate of the will continued and final notices were sent to the interested parties, including appellant. No one appeared or objected to the final hearing and the estate was closed on April 4, 1976. The petition to contest the will was filed by appellant on November 20, 1978. It was denied by the court on April 4, 1979, for the reason that appellant had received actual and constructive notice of the probate of the will.

It is admitted by appellant he had actual notice as well as constructive notice of the will being probated. However, he insists there should have been personal notice as set out in Ark. Stat. Ann. § 62-2012 (Repl. 1971). This statute reads in part as follows:

Notice. — a. When Notice To Be Given. Notice to interested persons need be given only when and as specifically provided for in this Code or as ordered by the court. When no notice is required by this Code the court, by rule or by order in a particular case, may require such notice as it deems desirable.

b. Kinds Of Notice Required. Unless waived and except as otherwise provided by law, and subject to rule of the court or order of the court in a particular case specifying which of the following types of service shall be employed, notices required by this Code may be served either:

(1) By delivering a copy personally to a person, if a

natural person, and if a corporation or a partnerhip by delivering a copy to an individual upon whom civil process may be legally served in behalf of the corporation or partnership, at least ten (10) days prior to the date set for the hearing; or

(2) By leaving a copy at the usual place of abode of the person being served with some person over the age of fifteen (15) years, who is a member of his family, said notice to be served by an officer authorized to serve process in civil actions, at least ten (10) days prior to the date set for the hearing; or

(3) By registered mail, requesting a return receipt signed by addressee only, addressed to the person to be served located in the United States at his address stated in the petition for the hearing, to be posted by depositing in any United States post office in this state at least fifteen (15) days prior to the date set for the hearing; or

(4) By publishing once a week for two (2) consecutive weeks in some newspaper published and having a general circulation in the county, the first day of publication to be at least fifteen (15) days prior to the date set for the hearing, and, in addition, when service by publication only is employed, all persons whose names and addresses appear in the petition shall be served by ordinary mail bearing on the envelope the return address of the clerk, in the same time and manner as provided in subsection (3) with respect to notice by registered mail, except that no registration shall be required; or

(5) By any combination of two or more of the above.

c. By Whom Prepared, Signed and Served. Except when by statute or by order of the court otherwise expressly provided, a notice in a probate proceeding shall be in writing, or print, prepared by or by procurement of the party upon whom rests the burden of giving the notice and signed by the clerk. If service is to be by

mail the person preparing the notice shall deliver the same to the clerk properly prepared for the post and the clerk shall be required only to post the same. Personal service may be made in any part of this state and, except as provided by subsection b (2) hereof, may be made by any person not an incompetent.

d. * * *

e. Service On Attorney. If there be an attorney of record for a party in a proceeding or matter pending in the court, all notices required to be served on the party in such proceeding or matter shall be served on the attorney and such service shall be in lieu of service upon the party for whom the attorney appears.

* * *

Ark. Stat. Ann. § 62-2013 (Repl. 1971) provides notice may be waived by a person submitting to the jurisdiction of the court. We believe appellant voluntarily submitted to the jurisdiction of the court on January 8, 1976, by requesting in writing that notice by ordinary mail of any petition, motion, or other filing of any kind, be sent to his attorney. All past and future notices, including notice of publication, were furnished to appellant's attorney who stated at the hearing on the petition that notice was not an issue. Appellant's attorney stated he was aware of the six-month time limit and discussed it with appellant. In fact, the attorney had a memorandum prepared for appellant regarding the possible contest of the will. Ark. Stat. Ann. § 62-2114 (Repl. 1971) provides a contest must be commenced within six months if the interested party has been notified as required by Ark. Stat. Ann. § 62-2111 (Repl. 1971). This required notice addresses itself to the procedure required by § 62-2012 which is set out above. If notice has not been afforded as set out above a contest is timely if filed within five years after admission of the will to probate.

We believe the court is supported by a preponderance of the evidence in finding that actual notice was received by appellant. No doubt the letter of December 22, 1975, was

mailed as evidenced by the fact that the post office returned the green receipt which was returned to the probate clerk plus the appellant's wife's statement that the letter had been misplaced. Also, information requested in the letter was submitted to the executor's attorney. We realize that appellant and his wife both denied receiving the letter. Even if the letter were not received, the appointment of an attorney of record to receive all notices and proceedings constituted a waiver or submission to jurisdiction of the court in this case.

The burden of proof in this instance was with appellant as to the allegations in the petition to contest the will. *Ross* v. *Edwards,* 231 Ark. 902, 333 S.W. 2d 487 (1960); *Leister* v. *Chitwood,* 216 Ark. 418, 225 S.W. 2d 936 (1950). However, the test in a will contest is whether there has been a substantial compliance with the statutes regarding probate of the will. *Thomason* v. *Ledgerwood,* 211 Ark. 327, 201 S.W. 2d 14 (1947). (This case was prior to the probate code.) *Merritt* v. *Rollins,* 231 Ark. 384, 329 S.W. 2d 544 (1959); and *Edwards* v. *Brimm,* 236 Ark. 588, 367 S.W. 2d 433 (1963). To hold in this case that appellant could contest the will would indeed place form above substance. We do not imply that the procedures set out in the statutes are not to be followed; we hold rather that such procedures have been followed in this case substantially. It is obvious appellant had full knowledge of all proceedings in this matter and has not been misled or had advantage taken of him. Admitted knowledge of the proceedings is a matter to be considered by the court. *Metcalfe* v. *Nichol,* 225 Ark. 574, 283 S.W. 2d 853 (1955). Appellant apparently changed his mind after he knowingly let the statute run on contesting the will.

We know of no rule or law which prohibits the probate judge from considering an affirmative defense which is dispositive of the case without first hearing the merits of the allegations of the petition. It appears to have been the least expensive and less troublesome method of disposing of this contest. There is no allegation that appellant was deprived of the right or opportunity to present all available evidence on the question of whether his petition was barred. All evidence relating to the contest of the will would only have burdened the record. We are not unaware of the allegations in the

petition specifically alleging that notice was not given and the five-year statute controlled. However, these issues were heard and determined adversely to the appellant. It would have served no useful purpose to hear this evidence twice. The mental and physical condition of the decedent has no bearing on the statute of limitations to be applied in this case.

Affirmed.

HARRIS, C.J., and HICKMAN, J., not participating.