Loretta JUDKINS and Marilyn J. Levinson *v.*
Heather Judkins HOOVER

02-68 95 S.W.3d 768

Supreme Court of Arkansas
Opinion delivered January 23, 2003

*Doyle L. Webb*, for appellants.

*Hopkins & Allison*, by: *Gregory M. Hopkins* and *Jeffrey C. Humiston*, for appellee.

JIM HANNAH, Justice. Appellants Loretta Judkins and Marilyn Levinson appeal the order of the Pulaski County Circuit Court, Seventeenth Division, which found that Richard Alan Judkins died intestate because his purported will had not been properly executed or witnessed. During a hearing on December 20, 2000, the appellee withdrew her objections to the purported will, and the circuit court orally admitted the will to probate. No written order was ever signed or entered. On August 21, 2001, the circuit court heard additional evidence and held that the decedent died intestate because his will had not been properly executed or witnessed. The appellants claim that the circuit court was without subject-matter jurisdiction to hear the will contest and to determine that the decedent died intestate. We hold that the circuit court had subject-matter jurisdiction of this matter and, accordingly, we affirm. This appeal was certified to this court by the court of appeals, pursuant to Ark. Sup. Ct. R. 1-2(b)(4), (6), and (d)(2) (2002).

### Facts

Richard Alan Judkins died on February 27, 2000. Appellant Loretta Judkins is the mother of the decedent, and appellant Marilyn Levinson is the sister of the decedent. Appellee Heather Judkins Hoover is the only child of the decedent. On March 15, 2000, "Notice of Hearing/& Petition for Appointment of Personal Representative with Will Annexed" was served on Hoover. Attached to the notice was a copy of a will dated December 15,

1989 ("1989 Will"). On March 27, 2000, Hoover filed a motion questioning the validity of the will and its operative effect upon her. Hoover withdrew her challenge to the validity of the will at a hearing on December 20, 2000, after which the circuit court orally admitted the will to probate from the bench. No written order admitting the will to probate was ever signed or entered.

On January 16, 2001, Hoover filed a "report of possible irregularities of will admitted to probate," in which she stated that approximately two weeks after the December 20 hearing, she was approached by Heidi Levinson, the estranged daughter-in-law of Marilyn Levinson. In a conversation with Hoover, as well as in a letter to the circuit court, Heidi alleged that the 1989 Will admitted to probate was actually only an unwitnessed draft found by the proponents of the will after the decedent's death and that the proponents had thereafter secured witness signatures to the 1989 Will.

At a hearing on August 21, 2001, the circuit court heard testimony from Heidi; Marilyn; Daniel George, Marilyn's boyfriend; Miles Levinson, Marilyn's son; Bobby Jenkins, the former court-appointed special administrator of the estate; and William Hunt and Agnus Hunt, who signed as witnesses to the 1989 Will. On September 14, 2001, the circuit court found that the 1989 Will was not properly executed or witnessed. Further, the circuit court found that unless another will were brought forward, the decedent would be considered to have died intestate.

### Subject-Matter Jurisdiction

Appellants' sole argument on appeal is that the circuit court lacked subject-matter jurisdiction to hear appellee's will contest and to determine that .the decedent died intestate. Appellee argues that the appeal must be dismissed because it is based upon an argument raised for the first time on appeal. Appellants acknowledge that "this aspect of jurisdiction was not raised or addressed" below; however, appellants argue that their appeal is proper because subject-matter jurisdiction may be questioned for the first time on appeal.

It is well-settled that this court will not hear arguments raised for the first time on appeal. *See, e.g., Laird v. Shelnut,*

348 Ark. 632, 74 S.W.3d 206 (2002); *Hurst v. Holland*, 347 Ark. 235, 61 S.W.3d 180 (2001); *Ghegan & Ghegan, Inc. v. Barclay*, 345 Ark. 514, 49 S.W.3d 652 (2001). However, we have made it clear that subject-matter jurisdiction is always open, cannot be waived, can be questioned for the first time on appeal, and can even be raised by this court. *Terry v. Lock*, 343 Ark. 452, 37 S.W.3d 202 (2001); *Hamaker v. Strickland*, 340 Ark. 593, 12 S.W.3d 210 (2000). Therefore, we will address the appellants' argument and determine whether the circuit court was without subject-matter jurisdiction.

 Arkansas Code Annotated § 28-1-104 (1987)[1] provides, in part:

> (a) The probate court shall have jurisdiction over:
>
> (1) The administration, settlement, and distribution of estates of decedents;
>
> (2) The probate of wills . . . .

Clearly, the circuit court had jurisdiction to hear matters concerning the probate of the 1989 Will. However, appellants contend that, pursuant to Ark. Code Ann. §§ 28-1-115(a) (1987), and 28-40-113(b) (1987), the circuit court was without any authority to consider appellee's challenge to the 1989 Will subsequent to the December 20, 2000, hearing at which the circuit court orally admitted the 1989 Will to probate.

 Arkansas Code Annotated § 28-1-115(a) provides, in part, that the circuit court shall have "no such power . . . to set aside the probate of a will after the time allowed for contest thereof." Ark. Code Ann. § 28-40-113(b) provides, in pertinent part, that if a will contest is on any ground other than that another will has been discovered, and if the will contestant has been given proper notice, the contestant's grounds for objection must be filed at or prior to the time of the hearing on the petition for probate.

---

[1] Pursuant to Amendment 80 of the Arkansas Constitution, which became effective subsequent to the adoption of Ark. Code Ann. § 28-1-104 (1987), we no longer have separate "probate courts" and "circuit courts." These courts have merged and now carry the designation of "circuit courts."

### Lack of Effective Order

■ The appellee argues that Ark. Code Ann. §§ 28-1-115(a) and 28-40-113(b) are inapplicable because the order admitting the 1989 Will to probate was never entered. We agree. Administrative Order 2(b)(2) provides that an "order is entered when so stamped or marked by the clerk . . . . " In addition, a will must be declared to be valid by an order of probate by the circuit court to be effective to prove the transfer of any property or to nominate an executor. *See* Ark. Code Ann. § 28-40-104(b) (1987). Clearly, pursuant to Administrative Order 2(b)(2), an oral order announced from the bench does not become effective until reduced to writing and filed.

When faced with a situation similar to the present case, the court of appeals held that a probate judge was free to alter a ruling from the bench which was not reduced to writing and filed of record. *See Morrell v. Morrell*, 48 Ark. App. 54, 889 S.W.2d 772 (1994). In that case, the appellant petitioned the probate court for the appointment of a guardian of her mother's person and estate. *Morrell, supra.* However, a few months after the trial, after considering the facts and circumstances surrounding the case, the probate court decided not to appoint a guardian. *Id.* The court of appeals stated:

> Since the probate judge's ruling from the bench was not reduced to writing and filed of record, it would appear that he was free to alter his decision upon further consideration of the matter. Appellant has cited no authority to indicate otherwise, and we know of none.

*Morrell*, 48 Ark. App. at 57.

■ The same reasoning applies to the present case. The oral ruling admitting the 1989 Will to probate was not reduced to writing and filed of record. Therefore, Ark. Code Ann. § 28-40-113(b) is not applicable because the circuit court never lost subject-matter jurisdiction and was free to hear additional evidence and to alter its decision upon further consideration of the facts and circumstances surrounding the 1989 Will. Also, Ark. Code Ann. § 28-1-115(a) is not applicable because no written order was

entered after the December 20, 2000, hearing and, thus, there was no order admitting a will to probate to set aside.

We note that the appellee filed a motion to strike the appellants' reply brief. Because the appellants' reply brief did not prejudice the appellee or affect the outcome of the case, the appellee's motion to strike the reply brief is moot.

Affirmed.