Eplurivus WEST *v.* Mary Jo WILLIAMS; James Earl West; Rose M. West; William R. West Sr.; Erma Faye Hamilton; Thomas K. West; Clarence M. West; Lottie G. Posey; Gloria Sue Shephard

03-357                                    133 S.W.3d 388

Supreme Court of Arkansas
Opinion delivered December 4, 2003

*Harrington, Miller, Neihouse & Krug, P.A.*, by: *Kristen L. Hopkins* and *Thomas N. Kieklak*, for appellant.

*Hardin, Jesson & Terry, PLC*, by: *J. Leslie Evitts III*, for appellees.

DONALD L. CORBIN, Justice. Appellant Eplurivus West appeals the order of the Sebastian County Circuit Court denying his motion to dismiss a petition contesting a will filed by Appellees Mary Jo Williams, James Earl West, Rose M. West, William R. West Sr., Erma Faye Hamilton, Thomas K. West, Clarence M. West, Lottie G. Posey, and Gloria Sue Shephard. On appeal, Appellant argues that the will contest was not timely filed and, thus, should have been dismissed. This case was certified to us from the Arkansas Court of Appeals, as involving an issue requiring clarification or development of the law; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(5). We reverse and remand.

This probate case centers on the estate of Thomas Kelly West, who died testate on May 11, 2002. At the time of his death, Mr. West was survived by ten children and fifty-one grandchildren. On June 12, 2002, Appellant, one of Mr. West's grandchildren, filed a petition for probate of will and appointment of a personal representative. The will submitted to the circuit court was dated June 14, 1994, and designated Appellant as the sole heir and devisee. A hearing on the petition was scheduled for August 7, 2002. Notice of the hearing was sent via certified mail to each of the Appellees, who are Mr. West's children. However, the notices addressed to James Earl West and Gloria Sue Shephard were returned not deliverable as addressed. A third notice, addressed to Lottie G. Posey, was received and signed for by a "Jo Ann Newton."

On August 7, just prior to the scheduled hearing, Appellees notified the court of their intention to file a petition contesting the will. Each Appellee, with the exception of Gloria Shephard, was present at this hearing. Once on the record, the probate court announced that Appellees would be filing a petition contesting the will, but for now, Appellant would be appointed as the personal representative. In a written order, dated October 7, 2002, the proffered will was admitted to probate as the last will of the decedent and Appellant was appointed as the personal representative of the estate. This order also reflected that notice had been sent to all interested parties.

In the meantime, on October 3, 2002, Appellees filed a written petition challenging Mr. West's will. In that petition, Appellees alleged that the will should be declared invalid as their father had been diagnosed with dementia at the time the will was executed and, therefore, lacked testamentary capacity to execute the will. Appellees also alleged that Appellant exercised deception, undue influence, and fraud over Mr. West in order to procure the execution of the will.

Appellant filed a response to the petition alleging that the will contest had not been timely filed, as no written grounds for contest were filed prior to or at the August 7 hearing, as required under Ark. Code Ann. § 28-40-113 (1987). Appellant requested that Appellees' petition be dismissed. Appellees responded by claiming that Appellant failed to satisfy the notice requirements of the Probate Code and asserting that they had timely challenged the will by giving oral notice at the hearing on August 7.

In an order entered on January 24, 2003, the trial court treated Appellant's motion as a motion to dismiss the will contest and denied it. No reason was given for the denial. From this order, comes the instant appeal.

■ A right to review by this court lies from all probate orders, other than an order removing a fiduciary for failure to give bond or to render a required accounting or an order appointing a special administrator. Ark. Code Ann. § 28-1-116(a) and (b) (1987). Therefore, this appeal is properly before us. Moreover, we review probate proceedings *de novo,* and we will not reverse the decision of the circuit court unless it is clearly erroneous. *Dillard v. Nix,* 345 Ark. 215, 45 S.W.3d 359 (2001); *Amant v. Callahan,* 341 Ark. 857, 20 S.W.3d 896 (2000).

Appellant's sole point on appeal is that the trial court erred in refusing to dismiss Appellees' petition contesting Mr. West's will because the contest was not timely filed. Specifically, Appellant avers that under section 28-40-113(b)(2)(A), Appellees were required to file their will contest at or prior to the hearing on the petition for probate. Appellees counter that their contest was timely, because they notified the court at the probate hearing that they intended to file a will contest. The Appellant is correct that Appellees did not file their contest in a timely fashion.

■ We begin our analysis with a review of section 28-40-113, which provides generally for contests of wills: "An interested person may contest the probate of a will, or any part thereof, *by stating in writing the grounds of his objection* and filing them in the court." (Emphasis added.) Pursuant to section 28-40-113(b), if a will contest is on any ground other than that another will has been discovered, and if the will contestant has been given proper notice, the contestant's "*grounds for objection must be filed at or prior to the time of the hearing on the petition for probate.*" (Emphasis added.)

■ Thus, under the clear language of section 28-40-113, Appellees' petition contesting the will of Mr. West was not timely filed. Section 28-40-113 does not allow a party to make an oral objection to a will. The statute specifically requires that written grounds be filed at or prior to a hearing on a petition to probate a will. No such written grounds were filed at or prior to the August 7 hearing in this case. The fact that Appellees appeared at the hearing and stated their intent to file a will contest is of no merit. Accordingly, the probate court clearly erred in failing to dismiss Appellees' will contest.

Before concluding, we must clarify our recent decision in *Judkins v. Hoover*, 351 Ark. 552, 95 S.W.3d 768 (2003), as it appears to be in conflict with our present opinion. In that case, we held that the circuit court did not err in setting aside an oral order admitting a will to probate based on a will contest filed after the hearing probating the will. In *Judkins*, the appellants argued that the circuit court lacked subject-matter jurisdiction to consider the appellee's will contest filed after a hearing at which the court orally admitted the will to probate. The appellees argued that they were not time barred from pursuing the will contest because no written order admitting the will to probate had ever been entered. This court agreed with the appellees and held that Ark. Code Ann. § 28-1-115 (1987) and section 28-40-113 were not applicable because no written order admitting the will to probate was ever entered; thus, the circuit court never lost jurisdiction and was free to hear additional evidence and alter his decision. In reaching this conclusion, this court reasoned:

> Administrative Order 2(b)(2) provides that an "order is entered when so stamped or marked by the clerk. . . ." In addition, a will must be declared to be valid by an order of probate by the circuit court to be effective to prove the transfer of any property or to

nominate an executor. *See* Ark. Code Ann. § 28-40-104(b) (1987). Clearly, pursuant to Administrative Order 2(b)(2), an oral order announced from the bench does not become effective until reduced to writing and filed.

*Id.* at 556, 95 S.W.3d at 771.

■ Clearly, the focus in *Judkins* was on whether a written order had been entered, not whether the time for filing a will contest had expired. Our conclusion that section 28-40-113 was inapplicable because of a lack of a written order, however, was error. Thus, to the extent that *Judkins* conflicts with our opinion in the present case, it is overruled.

Finally, Appellees argue that even if this court determines that they were not timely in filing their petition contesting the will, three Appellees, James Earl West, Lottie Posey, and Gloria Shephard, did not receive proper notice of the probate hearing and, as such, under the provisions of 28-40-113, they had three months after the date of the first publication of notice of the admission of the will to probate, in which to contest the will. This argument is without merit.

While it may be true that notice was not properly served on James Earl West, Lottie Posey, and Gloria Shephard, it is clear that these Appellees had constructive and actual notice of the probating of the will, as evidenced by the fact that they joined with the other Appellees and are represented by the same counsel in their pursuit to challenge Mr. West's will. Moreover, each of the Appellees, except Gloria Shephard, attended the August 7 hearing. At no time during the course of that hearing did Appellees object or make any claim that they were not properly served with regard to notice of the hearing. In fact, the first mention of any improper notice appears in Appellees' reply to Appellant's response to the petition to contest the will filed on October 20, 2002. In that reply, Appellees admitted that they were all present at the hearing, except Shephard.

Pursuant to Ark. Code Ann. § 28-1-113 (1987), a person who submits to the jurisdiction of the court in any hearing shall be deemed to have waived notice. This court interpreted the previous version of this statute, codified at Ark. Stat. Ann. 62-2013 (Repl. 1971), in *Gibbins v. Hancock*, 267 Ark. 298, 590 S.W.2d 280 (1979), and rejected an argument that an appellant had five years to contest a will because he never received personal notice of the hearing to

probate the will. There, the court stated that the appellant admitted that he had both actual and constructive notice of the will being probated, despite the fact that the notice that was mailed to the appellant was returned without a signature of the addressee. This court held that "appellant voluntarily submitted to the jurisdiction of the court on January 8, 1976, by requesting in writing that notice by ordinary mail of any petition, motion, or other filing of any kind, be sent to his attorney." *Id.* at 302, 590 S.W.2d at 282. In so concluding, this court noted that the appellant was represented by counsel who requested the probate clerk to send him notice of all proceedings in the estate.

■ Here, there is no dispute that Appellees were represented by counsel at the August 7 hearing. In fact, counsel stated on the record that he represented all of the Appellees. At this point, Appellees subjected themselves to the jurisdiction of the court and under section 28-1-113 waived their notice. It is noteworthy that not only were Appellees represented by counsel at this hearing, but also that each Appellee, except Shephard, was physically present at the hearing. The fact that Shephard was not present herself, however, does not negate the fact that she subjected herself to the jurisdiction of the court, as her attorney was present and represented her interests. Accordingly, Appellees waived notice and cannot now extend their time to contest the will by claiming otherwise.

Reversed and remanded.

HANNAH, J., concurs.

JIM HANNAH, Justice, concurring. I concur with the result reached by the majority in this case; however, I write separately because I believe the majority has misstated our holding in *Judkins v. Hoover*, 351 Ark. 552, 95 S.W.3d 768 (2003). In discussing *Judkins, supra*, the majority states: "In that case, we held that the circuit court did not err in setting aside an oral order admitting a will to probate based on a will contest filed after the hearing probating the will." This court made no such holding in *Judkins*. In that case, the circuit court heard evidence concerning the will after the will had been orally admitted to probate; however, the evidence was not in the form of a will contest. Rather, the evidence presented to the circuit court was evidence of a possible fraud upon the court.

In addition, the majority states: "Our conclusion that section 28-40-113 was inapplicable because of a lack of a written order, however, was error." The majority is simply wrong. *Judkins* did not hold section 28-40-113 was inapplicable because of a lack of a written order. In *Judkins* we stated:

> The oral ruling admitting the 1989 Will to probate was not reduced to writing and filed of record. Therefore, Ark. Code Ann. § 28-40-113(b) is not applicable because the circuit court never lost subject-matter jurisdiction and was free to hear additional evidence and to alter its decision upon further consideration of the facts and circumstances surrounding the 1989 Will. Also, Ark. Code Ann. § 28-1-115(a) is not applicable because no written order was entered after the December 20, 2000, hearing and, thus, there was no order admitting a will to probate to set aside.

The *Judkins* case is not in conflict with the majority's opinion.

In *Judkins*, the appellee filed a motion questioning the validity of the will and its operative effect upon her; however, the appellee subsequently withdrew her challenge to the validity of the will at a hearing before the circuit court. Thereafter, the circuit court orally admitted the will to probate.

After the circuit court orally admitted the will to probate, the appellee filed a "report of possible irregularities of will admitted to probate," in which she stated that approximately two weeks after the hearing in which the will was orally admitted to probate, she was approached by Heidi Levinson, the estranged daughter-in-law of the decedent's sister. In a conversation with the appellee, as well as in a letter to the circuit court, Levinson alleged that the 1989 Will admitted to probate was actually only an unwitnessed draft found by the proponents of the will after the decedent's death and that the proponents had thereafter secured witness signatures to the 1989 Will. In the "report of possible irregularities of will admitted to probate," the appellee's counsel stated:

> Counsel for Heather Judkins does not question the veracity or sincerity of Heidi Levinson in bringing these matters to the Court's attention. Such judgments are best left for the Court's review and determination. Counsel for Heather Judkins, however, believes that appropriate principles of professional ethics and duties as an

Officer of the Court require the submission of this matter to the court for appropriate review and consideration.

Thus, appellee's counsel, in filing the "notice of possible irregularities of will admitted to probate" did not file a will contest. Appellee's counsel took no position on the veracity or sincerity of the allegations, nor did appellee's counsel argue that the will should be set aside. Instead, after learning of a possible fraud upon the circuit court, appellee's counsel notified the circuit court of the possible fraud.

Providing notice to the circuit court of a possible fraud upon the court is not the same as contesting the will. While the appellant in *Judkins* characterized the appellee's counsel's notification to the circuit court as a "will contest," this court did not. Section 28-40-113(b) was inapplicable in *Judkins* because the appellee's counsel was not objecting to the probate of the will; rather, appellee's counsel was informing the circuit court of a possible fraud upon the court. The majority simply misunderstands *Judkins*.