## Richard T. SMITH *v.*
## ESTATE OF Mace David HOWELL, Jr., Deceased

07–703                                         272 S.W.3d 106

### Supreme Court of Arkansas
### Opinion delivered January 24, 2008

*Hopkins Law Firm*, by: *Gregory M. Hopkins*, *Stewart Headlee*, and *Ashley Hudson*, for appellant.

*Buzbee & Hawk, PLC*, by: *J.R. Buzbee*, for appellee.

JIM HANNAH, Chief Justice. Richard T. Smith appeals from a March 6, 2007 order denying his motion for entry of an order approving a settlement in two pending lawsuits. He alleges that the circuit court erred in finding that there was already an appealable order approving the settlement in the Findings of Fact and Conclusions of Law entered on October 11, 2006. We affirm the circuit court on this point. Smith further attempts to appeal the approval of the settlement agreement; however, he failed to timely file a notice of appeal. Thus, we have no jurisdiction to review the order approving the settlement.

A right to review lies from all probate orders other than an order removing a fiduciary for failure to give bond or to render a required accounting or an order appointing a special administrator. *West v. Williams*, 355 Ark. 148, 133 S.W.3d 388 (2003) (citing Ark. Code Ann. § 28-1-116(a) and (b) (1987)). Arkansas Code Annotated section 28-1-116(a) and (b) (Repl. 2004) provides as follows:

> (a) APPEAL PERMITTED. Except as provided in subsection (b) of this section, a person aggrieved by an order of the circuit court in probate proceedings under the provisions of the Probate Code may obtain a review of the order by the Supreme Court or the Court of Appeals.
>
> (b) ORDERS WHICH ARE NOT APPEALABLE. There shall be no appeal from an order:
>
> (1) Removing a fiduciary for failure to give a new bond or to render an account as required by the court; or
>
> (2) Appointing a special administrator.

Therefore, the appeal from the order denying the motion to enter an order is properly before this court. We review probate proceedings de

novo, and we will not reverse the decision of the circuit court unless it is clearly erroneous. *West, supra.*

This appeal concerns settlement of two lawsuits seeking to recover from Mace David Howell Jr.'s estate alleged money damages arising from Howell's investment business. Howell died in October 2002. On October 30, 2002, the probate case was opened. On January 7, 2003, Crittenden County case CV 2003-11(G), *William B. Benton, et al. v. Linda Bailey, Personal Representative of the Estate of M. David Howell* was filed, and on February 13, 2003, Pulaski County case CV 2003-1604, *Robert A. Vogel, et al. v. The Estate of Mace David Howell, Jr., et al.* was filed. Smith alleges that he was wrongfully deprived of money by Howell; however, he did not participate in the settlement negotiations that resulted in the settlement.[1]

On June 21, 2006, Robin Mays, as Successor Administrator of the Estate of Mace David Howell, Jr., filed a Petition for Approval of Settlement Agreement. Under the settlement agreement, the Estate approved the claims made against the Estate by the claimant parties to the settlement. The parties entered into various agreements in the settlement, including dismissal of the lawsuits and counterclaims as to the parties to the settlement. There were also several provisions concerning nonparties to the settlement. Included in the settlement agreement is the following comment regarding Smith:

> Provided that Smith withdraws and forever releases any claims which he has, or may have, against the Estate, including any claims submitted in the Probate Case, and causes the withdrawal of claims submitted in the Probate Case by members of his family, the Estate shall dismiss with prejudice its Third Party Complaint in the Vogel Suit against Smith and Smith Trust.

Smith opposed approval of the settlement agreement, arguing that it unfairly discriminated in favor of the parties to the settlement agreement by approving "without question" to pay their claims. Smith further asserted that the settlement resolved the claims at the expense of Smith and the remaining claimants who had claims amounting to millions of dollars.

The Findings of Fact and Conclusions of Law constituted an order approving the settlement. Smith knew that the purpose of

---

[1] Smith did participate in earlier settlement negotiations.

the hearing set for September 13, 2006, was to decide whether to approve the settlement agreement. Indeed, prior to that hearing Smith requested that the order deciding whether to approve the settlement agreement include formal findings of fact and conclusions of law.[2]

Further, at the commencement of the hearing on September 13, 2006, the court stated, "We're only worrying about the approval of the Settlement Agreement today." At the close of the hearing, the court requested proposed precedents including findings of fact and conclusions of law as requested by Smith. The Findings of Fact and Conclusions of Law approved the settlement and was entered by the circuit court. It provides in paragraph 2 as follows:

> The Settlement Agreement submitted to the Court, as modified by agreement of the parties to delete paragraph 13, which is attached to these Findings of Fact and Conclusions of Law as Exhibit 1, is in the best interest of the Estate for the following reasons:

What follows in the order is a detailed discussion of why each item in the settlement agreement is in the best interest of the Estate.

The issue presented in this appeal is whether the Findings of Fact and Conclusions of Law filed on October 11, 2006, was an order approving the settlement. Smith asserted that the Findings of Fact and Conclusions of Law was not an order. We disagree. An order is a determination by a court on "some subsidiary or collateral matter arising in an action not disposing of the case on the merits but adjudicating a preliminary point or directing some step in the proceedings." *Thomas v. McElroy*, 243 Ark. 465, 470, 420 S.W.2d 530, 533 (1967) (quoting 49 C.J.S. *Judgments* § 5 (1947)). There is no merit to Smith's claim that the circuit court failed to enter an order approving the settlement agreement.

Upon entry, the order approving the settlement was subject to appeal. *See West, supra*. Smith attempts to appeal the order now; however, he neither filed an objection pursuant to

---

[2] On September 8, 2006, Smith filed a Request for Specific Findings of Fact and Conclusions of Law under Ark. R. Civ. P. 52.

Ark. Code Ann. § 28-1-116(d) (Repl. 2004)[3] to preserve the issue as part of the appeal from the order of final distribution nor did he file a timely notice of appeal to appeal the order separately. A timely filed notice of appeal is required to provide this court with appellate jurisdiction. *U.S. Bank v. Milburn*, 352 Ark. 144, 100 S.W.3d 674 (2003). Thus, this court lacks jurisdiction to address Smith's argument that the circuit court erred in approving the settlement.

Affirmed.

---

[3] Arkansas Code Annotated section 28-1-116(d) (Repl. 2004) provides for an appeal of interim orders upon appeal of the order of final distribution; however, a written objection must be filed within sixty (60) days after the interim order is entered.