PATRICIA FAYE JENKINS *v.* HENRY B. MEANS, JUDGE

5-4157                                     411 S. W. 2d 885

Opinion delivered March 6, 1967

*Shackleford & Shackleford,* for appellant.

*Joe W. McCoy* and *Reinberger, Eilbott, Smith & Staten,* for appellee.

CONLEY BYRD, Justice. This race for venue, which is here on prohibition, raises the issue of whether a cause of action can properly be commenced against a decedent's estate before there has been an appointment of a personal representative. These races for venue arise because our venue statute, Ark. Stat. Ann. § 27-610 (Repl. 1962), permits an action for personal injury to be brought either

in the county where the accident occurred or in the county where the person injured or killed resided.

The undisputed facts show that a two-car collision occurred in Grant County in which the sole occupant of each car, being the driver thereof, was killed. One driver, Frank Munn Jenkins, was a resident of Ashley County and the other, Van Gatlin, was a resident of Grant County.

The petitioner, Patricia Faye Jenkins, was appointed and qualified as administratrix of the estate of her deceased husband, Frank Munn Jenkins, in the Ashley Probate Court. On June 7, 1966, Mrs. Jenkins, as administratrix, filed suit in the Ashley Circuit Court against Imogene Gatlin as administratrix of the estate of Van Gatlin, deceased. Summons was duly issued and placed in the hands of the Grant County sheriff for service upon Mrs. Gatlin.

Prior to the appointment of Mrs. Jenkins in Ashley County, Mrs. Gatlin, as the surviving widow of Van Gatlin, filed on June 3, 1966, a petition in Grant Probate Court, seeking her appointment as administratrix of her deceased husband's estate. After the service of summons from Ashley Circuit Court on Mrs. Gatlin, she withdrew her petition to have herself appointed administratrix and on June 18, 1966, filed a petition in Grant Probate Court for appointment of Alvin Gatlin as administrator of Van Gatlin's estate. Alvin Gatlin was that day appointed and qualified as administrator by Grant Probate Court and on the same day filed suit in Grant Circuit Court against Mrs. Jenkins, administratrix of Jenkins' estate. Summons directed to the Ashley County sheriff was properly issued and delivered to him for service.

On July 12, 1966, Mrs. Jenkins, as administratrix, amended her complaint in Ashley Circuit Court, seeking judgment against Alvin Gatlin as administrator of the estate of Van Gatlin, and caused summons thereon to be issued and delivered to the Grant County sheriff.

Motions to quash were promptly filed in Ashley Circuit Court by Mrs. Gatlin and Alvin Gatlin, and in Grant Circuit Court by Mrs. Jenkins. From a denial by Grant Circuit Court of the motion to quash service on Mrs. Jenkins, the matter comes here via petition for prohibition. The petitioner contends that Grant Circuit Court is without jurisdiction for the following reasons:

A. Action in Ashley Circuit Court was commenced prior to action in Grant Circuit Court.

B. When Mrs. Gatlin filed her petition and nothing remained to be done except the signing of the order and issuance of letters, Ark. Stat. Ann. §§ 62-2102 (b), 62-2104 (Supp. 1965) permitted bona fide service upon nominee.

C. The amendment of the complaint in Ashley Circuit Court and subsequent service upon Alvin Gatlin as administrator gave retroactive effect to the previous filing.

Petitioner's contention that she first commenced her lawsuit in Ashley Circuit Court is in reliance upon Act 32 of 1961 (Ark. Stat. Ann. § 27-301 [Repl. 1962]), which provides:

". . . If two [2] or more actions are commenced in different courts involving the same subject matter where the venue is proper in each, then that court shall acquire jurisdiction, to the exclusion of the other, wherein a complaint was filed and a summons issued thereon, and first placed in the hands of the sheriff of the proper county or counties, irrespective of the time of service of summons . . ."

In *Storey* v. *Smith*, 224 Ark. 163, 272 S. W. 2d 74 (1954), we had before us a suit by a resident of Desha County against certain named individuals and "............, the personal representative of the estate of Billy R. Storey, deceased." The action there was filed on Febru-

ary 27, 1954, and summons issued. On March 25, 1954, J. Roy Howard, on petition of Storey's creditors, was appointed administrator of Billy R. Storey's estate. That day, the summons issued on February 27 was placed in the sheriff's hands and served on J. Roy Howard. On March 30, Howard was discharged as administrator and Coy Storey was appointed administrator in succession. On March 25 a law suit had been filed in Pulaski Circuit Court by Coy Storey as administrator of the estate of Billy R. Storey. Upon his appointment, summons was issued and served on the plaintiff in the Desha County action. We there held that no legal proceeding actually existed in Desha Circuit Court on the complaint filed and could not exist until the identity of the defendant was known or came into being.

We hold that under the authority of the *Storey* case, petitioner's action was not properly commenced in Ashley Circuit Court, since there was not in being a personal representative of the estate of Van Gatlin at the commencement of the action, and that Grant Circuit Court properly has jurisdiction of the matter since suit was first commenced in that county.

The *Storey* case is also authority for holding that an amendment to the Ashley Circuit Court complaint, naming the proper defendant, would not revert, in this situation, to the date the original action was filed.

Nor can we find any merit in petitioner's contention that the mere filing of the petition by Mrs. Gatlin for her appointment made her subject to service in an action against the estate of Van Gatlin. Ark. Stat. Ann. § 62-2102 (b) (Supp. 1965) specifically provides that proceedings in probate shall be commenced by the filing of a petition, the issuance of letters, and the qualification of the personal representative. Nothing can be read into either Ark. Stat. Ann. § 62-2102 (b), *supra,* or Ark. Stat. Ann. § 62-2104 (Supp. 1965) which would authorize a personal representative to sue or be sued until such time as he has received letters of administration.

For the reasons herein stated, the petition for prohibition is denied.