## DR. GRADY ROPER *v.* M. E. RODGERS

5-5483                                         459 S. W. 2d 419

### Opinion delivered November 9, 1970

*Rasmussen & Hogue,* for appellant.

*William W. Green,* for appellee.

JAMES B. SHARP, Special Justice. A complaint was filed in the Chancery Court of Garland County, Arkansas, by a qualified elector and tax payer of that county, who was the owner of real and personal property located in the State of Arkansas. In his Petition, the Plaintiff asked that the Garland County, Arkansas, Board of Election Commissioners be restrained, enjoined and commanded to omit the name of the appellant from the official ballot to be printed and prepared by them and to be voted on in the General Election with regard to the office of coroner for that county, and that the appellant be declared ineligible to run or to seek election for that office.

The appellant was duly certified as the Republican

nominee for County Coroner, and the Election Commission of Garland County attempted to place his name upon the ballot for election to the office of County Coroner.

A hearing was held on the Petition on October 6, 1970, resulting in a decree ". . . that the Garland County, Arkansas, Board of Election Commissioners . . . be . . . enjoined and restrained from placing the name of Dr. Grady Roper on the Ballot . . . for the office of Coroner . . . and, in the event the said name cannot be stricken, not to certify the votes for said Dr. Grady Roper, that . . . Dr. Grady Roper, be and he is hereby declared to be ineligible to seek election for the office of Coronor . . . , that the injunction will issue upon the Plaintiff's posting an adequate bond . . .". The bond was posted and the Injunction issued.

There were a number of issues which came before the Chancellor on which decisions were made, but we do not deem any, except the following, to be of any significance in view of the decision which we make here.

"It was merely a political matter not involving any property rights or any matters of public taxation, and the chancery court had no power to interfere either by injunctive process or otherwise." *Miller* v. *Tatum,* 170 Ark. 152, 279 S. W. 1002 (1926).

As we stated in *Catlett* v. *Republican Party of Arkansas,* 242 Ark. 283, 413 S. W. 2d, 651:

"The landmark decision is *Walls* v. *Brundidge,* 109 Ark. 250, 160 S. W. 230, Ann. Cas. 1915C, 980 (1913), where we held that a chancery court could not review the action of the State Democratic Central Committee in certifying a nominee for the office of governor. This language from that opinion is directly in point here:

" 'Wherever the established distinction between

equitable and common law jurisdiction is observed, as it is in this State, courts of equity have no authority or jurisdiction to interpose for the protection of rights which are merely political, and where no civil or property right is involved. In all such cases, the remedy, if there is one, must be sought in a court of law. The extraordinary jurisdiction of courts of chancery can not, therefore, be invoked to protect the right of a citizen to vote or to be voted for at an election, or his right to be a candidate for or to be elected to any office. Nor can it be invoked for the purpose of restraining the holding of an election, or of directing or controlling the mode in which, or of determining the rules of law in pursuance of which, an election shall be held. These matters involve in themselves no property right but pertain solely to the political administration of government.' "

None of the parties raised the issue of jurisdiction in this matter, but as we also stated in *Catlett* v. *Republican Party of Arkansas, Supra,* at page 285:

"It is immaterial that the parties have not raised the issue of jurisdiction, for, as we held in *Sheffield* v. *Heslep,* 206 Ark. 605, 177 S. W. 2d 412 (1944): 'Even though both sides in the present litigation have asked this court to pass on the eligibility of Heslep, nevertheless we cannot do so in this equitable action, because there is no foundation for equitable jurisdiction.' Nor was the situation changed by the passage of our declaratory judgment statute, because that act empowers a court of equity to render a declaratory judgment only when the subject matter is within the jurisdiction of chancery. *Jackson* v. *Smith,* 236 Ark. 419, 366 S. W. 2d 278 (1963)."

Since the Chancery Court of Garland County was without jurisdiction, this cause is reversed and dismissed.

HOLT, J., not participating.