# IN RE: LOCAL ADMINISTRATIVE RULES OF THE CHANCERY COURT OF THE ELEVENTH JUDICIAL DISTRICT-WEST

88-279                                            772 S.W.2d 600

Supreme Court of Arkansas
Opinion delivered July 3, 1989

DARRELL HICKMAN, Justice. This is an original action. The Supreme Court Committee on Rules of Pleading, Practice and Procedure (Civil) filed a petition asking us to declare void the local administrative rules promulgated by the chancery court of the eleventh judicial district-west.

In a per curiam order published December 21, 1987, we abolished ARCP Rule 83, the rule which allowed circuit or chancery courts to prescribe local rules. *See* 294 Ark. 664, 742 S.W.2d 551 (1987). Our decision was reached after a long and deliberative process and was made on the principle that any litigant or member of the bar of this state should know the fundamental rules of litigation which affect their rights adversely, no matter what court they may be before.

It was not our purpose to intrude on the inherent power of a trial judge to run his or her court, and we recognized the need to attend to administrative matters. We also recognize there are not always clear lines to be drawn between what is a procedural rule and a local housekeeping rule. But it is the inherent nature of the law that a good deal of line-drawing must be done.

After our per curiam was published, the chancery judges of the eleventh judicial district-west published a rather comprehensive set of local rules. The petitioners filed this action, claiming the rules violated the letter and spirit of our per curiam order. After the petition was filed, the respondents voluntarily deleted certain parts of the rules. The petitioners concede that some of the rules are mere housekeeping rules, such as those setting the hours of court and the assignment of cases. The remaining rules are in dispute.

The respondent judges have asked in good faith that they be permitted to meet with the petitioner committee and attempt to resolve the differences. They have demonstrated their good faith,

in our judgment, by striking some of the rules they have promulgated. Because this is the first case since the publication of our per curiam challenging a set of local rules, we welcome and encourage the parties' effort to resolve the situation.

We note that some of the rules appear to deal with substantive or procedural matters, are duplicative of existing rules or statutes, or would be better suited for use in all courts, not just one or two. An example of the latter is local Rule VIII(c) which requires parties to submit financial statements prior to alimony or child support hearings. While it is probably a good practice, if it is required at all, it should be part of the procedure for all courts.

An example of a duplicative rule is Rule IV which provides that, once a trial or hearing has been set, no continuance will be granted except for good cause. This same language is contained in ARCP Rule 40(b).

We take this action with the statement that we are committed to a uniform system that should be known for its simplicity, not its prolixity. We have, and will keep, an open mind to changes that should be made in our existing procedures, and we will continue to respect the administrative needs of trial judges. But it is not a matter we want to quibble about. We cannot tolerate the burden of unnecessary local rules being placed on those litigants who must seek justice in every corner of the state.

The matter is passed and the parties are encouraged to settle this matter and report to this court no later than November 15, 1989, on their progress. Neither party is prejudiced to proceed to a judicial resolution of this matter. When the report is made to us, we will act accordingly.

NEWBERN, J., not participating in the oral argument or final decision.