James E. WHITE, Individually and Ex Rel. State of
Arkansas *v.* Tommy HOLMES, et al.

90-32                                      790 S.W.2d 902

Supreme Court of Arkansas
Opinion delivered June 25, 1990

*Henry S. Wilson*, for appellant.

*Lohnes T. Tiner*, for appellee.

DALE PRICE, Justice. This case involves an attempt by an
unsuccessful school board candidate to force his opponent to
comply with certain provisions of the Arkansas campaign financ-
ing statutes. The chancellor dismissed the action on its merits. We
do not reach the merits, but affirm because we find the chancery
court was without jurisdiction to hear the matter.

The facts are that appellant James White and appellee
Tommy Holmes were candidates for the Trumann School Board.
The election was held March 10, 1987, and White was declared
the winner. Holmes contested the election on the ground that
certain absentee ballots, which were cast for White, should not
have been counted. The contest was successful, thereby making
Holmes the winning candidate.

On March 21, 1988, White filed a petition in chancery court claiming that (1) Holmes had failed to report certain financial contributions; and (2) Holmes received an anonymous contribution of $1,200 and, under state law, anonymous contributions of over $50 must be turned over to the state treasury. Holmes moved to dismiss the petition on several grounds, including lack of subject matter jurisdiction. He also answered affirmatively that the money mentioned in the petition was spent for attorney fees in the election contest and was not, therefore, a contribution.

Apparently, treating the motion to dismiss as a motion for summary judgment, the chancellor viewed interrogatories and affidavits in which Bob Maloney, a worker in Holmes' campaign, said he received money several days after the election which was used only to defray legal expenses in the election contest. Maloney did not say who furnished the money. Holmes also signed an affidavit stating that Maloney had given him $1,200 14 days after the election to be used in paying attorney fees for the election contest. The appellant filed a response citing testimony given by Holmes and Maloney in another case in which they stated they either did not know or did not remember who contributed the $1,200.

After receipt of the interrogatories and affidavits, the chancellor ruled that the money received was not a contribution as defined by law and therefore dismissed the petition. It is from this ruling that White appeals.

We decline to reach the issues presented, because the chancery court was without jurisdiction. In cases dating back to *Hester* v. *Bourland*, 80 Ark. 145, 95 S.W. 992 (1906), we have held that when the subject matter of a lawsuit is merely a political matter not involving any property rights or matters of public taxation, the chancery court has no power to interfere either by injunctive process or otherwise. When the issues pertain merely to the procedures to be followed in the conduct of a political election, a court of equity has no jurisdiction. *Catlett* v. *Republican Party of Arkansas*, 242 Ark. 283, 413 S.W.2d 651 (1967). Here, the issues involve procedures to be followed by candidates in an election. The matter is purely political and should not have been heard by the chancery court. *See also Alcoholic Beverage Control Bd.* v. *Munson*, 287 Ark. 53, 696 S.W.2d 720 (1985);

*City of North Little Rock* v. *Gorman,* 264 Ark. 150, 568 S.W.2d 481 (1978) ("vindication of one's political rights must be sought in a court of law"); *Roper* v. *Rodgers,* 249 Ark. 416, 459 S.W.2d 419 (9170) (suit seeking injunction to omit name from ballot not proper in chancery); *Miller* v. *Tatum,* 170 Ark. 152, 279 S.W. 1002 (1926).

While we have the power to reverse and remand for transfer to circuit court, we decline to do so in this case. The appellant's petition fails to state facts for which relief is available in circuit court. Therefore, the petition was properly dismissed. *See Roper* v. *Rodgers, supra.* Even though the chancellor did not use this reasoning in dismissing the case, we will affirm if the correct result is reached. *Ratliff* v. *Moss,* 284 Ark. 16, 678 S.W.2d 769 (1984).

Affirmed.