MONROE AUTO EQUIPMENT COMPANY *v.* The Honorable
Graham PARTLOW, the Honorable Howard Templeton and the Honorable Rice Van Ausdall;
Chancellors Second Chancery Circuit

92-792                                              846 S.W.2d 637

Supreme Court of Arkansas
Opinion delivered February 1, 1993

*Fulkerson, Todd & Broadaway, P.A.*, by: *Michael Todd* and *Branch, Thompson and Philhours*, by: *Robert F. Thompson*, for petitioners.

*Winston Bryant*, Att'y Gen., by: *Sarah Lewis*, Asst. Att'y Gen., for respondents.

STEELE HAYS, Justice. This is an original action for a writ of prohibition. Our jurisdiction exists pursuant to Ark. Const. art. 7, §§ 4 and 5. Petitioners are two corporate employers operating in Greene County, Arkansas. Respondents are three chancery judges serving the Second Judicial District of Arkansas, encompassing Greene County. On April 1, 1991, respondents issued an administrative order affecting the procedure to be followed by employers remitting child support payments for certain of their employees subject to income withholding. The order reads:

> All child support payments made by an employer for an employee under income withholding are ordered to make the checks payable to the custodial parent, those checks are to then be forwarded to the circuit clerk's office for distribution to the proper person or agency.

Contending the order conflicts with federal and state law, petitioner Monroe Auto Equipment Company filed a petition for quo warranto in this court in July, 1991. That request was denied without prejudice to a later appeal. A similar petition by Darling Store Fixtures was also denied.

Petitioners next filed an action in the Circuit Court of Greene County for declaratory judgment to declare the administrative order void and unenforceable as being in conflict with 42 U.S.C.A. § 666(b)(6)(B) (West 1991) and Ark. Code Ann. §§ 9-14-222(d)(9) and 9-14-228(b) (1987). The chancellors answered the complaint through their counsel, the Attorney General. Petitioners then moved for summary judgment and the circuit court granted summary judgment on their behalf. That development prompted two steps by the respondents — they filed notice of appeal to this court and issued a new administrative order essentially indistinguishable from the first. When this action in prohibition was filed we granted a temporary stay of the administrative order and asked the parties to submit their briefs. While that was in progress, respondents filed the record in their appeal from the declaratory judgment and moved to stay the briefing schedule, asserting that the issues in their appeal corresponded with the issues in this action for prohibition. Petitioners concurred in that request and we granted the motion.

Returning to the case at hand, petitioners pose four arguments for prohibition:

I.

The Respondents' Conduct Constitutes An Impermissible Collateral Attack On The Court's Judgment.

II.

The Respondents Waived Any Objection To Jurisdiction By Failing To Move to Transfer Or Object To The Circuit Court's Action.

III.

Jurisdiction To Determine The Legality Of A Local Rule Has Not Been Specifically Assigned Nor Do The Chancery Courts Have Subject Matter Jurisdiction To Issue Local Rules.

## IV.

### The Petitioners Have No Adequate Remedy To Protect Their Rights In This Context.

■ We decline to address these arguments, as it appears they are formulated in the pending appeal and can be more appropriately addressed in that action than in this. That being so, it cannot be said there is no other adequate or appropriate remedy but prohibition. *Street* v. *Roberts*, 258 Ark. 839, 529 S.W.2d 343 (1975). A writ of prohibition is an extraordinary writ and is granted only when the lower court is wholly without jurisdiction, there are no disputed facts, there is no adequate remedy otherwise, and the writ is clearly warranted. *Miller* v. *Lofton*, 279 Ark. 461, 652 S.W.2d 627 (1983); *Henderson* v. *Dudley*, 279 Ark. 697, 574 S.W.2d 658 (1978). Our cases suggest that writs of prohibition are prerogative writs, extremely narrow in scope and operation; they are to be used with great caution and forbearance. *Wade* v. *State*, 264 Ark. 320, 571 S.W.2d 231 (1978). They should issue only in cases of extreme necessity. *Smith* v. *Burnett*, 300 Ky. 249, 188 S.W.2d 840 (1945).

■ A characteristic of prohibition is that it does not lie as a matter of right but as a matter of sound judicial discretion. *Karraz* v. *Taylor*, 259 Ark. 699, 535 S.W.2d 840 (1976). Finally, prohibition is never granted to prevent an inferior tribunal from exercising its jurisdiction erroneously, only where such tribunal is wholly without jurisdiction. *Jones* v. *Coffin*, 96 Ark. 332, 131 S.W. 873 (1910).

■ In light of those settled canons of the law applicable to prohibition, petitioners have not satisfied us that the issuance of this order, whatever might be said of its propriety or validity, affecting the collection of child support, is a usurpation of jurisdiction by the respondents, or that the issues common to these two proceedings are more appropriate to prohibition than to appeal. Accordingly, we deny the writ and dissolve the temporary stay.