Hon. Graham PARTLOW, Hon. Howard Templeton, and
Hon. Rice Vanausdall *v.* DARLING STORE FIXTURES
and Monroe Auto Equipment Co.

92-1069                                              858 S.W.2d 695

Supreme Court of Arkansas
Opinion delivered July 19, 1993

*Winston Bryant*, Att'y Gen., by: *Sarah Lewis*, Asst. Att'y
Gen., for appellants.

*Branch, Thompson & Philhours*, by: *Robert F. Thompson*,
for appellee Monroe Auto Equipment Company.

*Fulkerson, Todd, & Broadaway*, by: *Mike Todd*, for appel-
lee Darling Store Fixtures.

JACK HOLT, JR., Chief Justice. Appellants are three chan-
cery judges in the Second Judicial District of Arkansas, which
includes Greene County. Appellees, Monroe Auto Equipment

Co. and Darling Store Fixtures, are manufacturing companies doing business in Greene County. On April 1, 1991, appellants filed an "administrative order" in Greene County addressing the procedure to be followed by employers remitting child support payments for their employees subject to income withholding, which reads:

> 1. All child support payments made by an employer for an employee under income withholding are ordered to make the checks payable to the custodial parent. These checks are then to be forwarded to the Circuit Clerk's office for distribution to the proper person or agency.

> 2. All employers are ordered to withhold the administrative fee of $12.00 annually on all employees who pay support on a monthly basis and $24.00 for those who pay on a weekly or semi-monthly basis. These checks are to be made payable to the Circuit Clerk of Greene County, Arkansas.

This order was issued in response to the appellees' practice of submitting lump sum checks to the clerk of the court with an itemized list of the amounts withheld from each employee for child support. Its effect was that businesses had to discontinue sending single checks representing a lump sum and instead submit an individual check to the court for each employee owing child support.

Appellants later filed the same order in the other counties of their judicial district. In July 1991, both appellees filed petitions for writs of quo warranto in this court asking that we determine by what authority the chancellors had issued the administrative orders and whether or not such orders were void and unenforceable on the basis that they were in conflict with state and federal law. We denied these petitions without prejudice to allow the issues to be raised on subsequent appeal. No further action was taken in this regard.

On December 10, 1991, appellees filed a petition for declaratory judgment in circuit court arguing that the administrative order was void and unenforceable because it was in conflict with 42 U.S.C. § 666(b)(6) and Ark. Code Ann. § § 9-14-222(d)(9) and 9-14-228(b) (Repl. 1991). Circuit Judge David Burnett granted petitioners' motion for summary judgment finding that

the circuit court does have jurisdiction over the matter and that:

> The Administrative Order entered by the Chancellors in Greene County on April 29, 1991, is unreasonable and inconsistent with 42 U.S.C.S. § 666(b) and therefore, in conflict with the principles announced by the Arkansas Supreme Court in *Letaw* v. *Smith*, 223 Ark. 638, 268 S.W.2d 3 (1954). Further, the Administrative Order is a local rule in violation of the principles announced by the Arkansas Supreme Court in *In Re: Changes to the Arkansas Rules of Civil Procedure*, 294 Ark. 664, 742 S.W.2d 551 (1987) and *In Re: Administrative Rules*, 299 Ark. 335, 772 S.W.2d 600 (1989) . . . . the Administrative Order . . . is determined to be unreasonable and in conflict with the above described statute and therefore invalid and unenforceable.

Appellants reacted by filing a notice of appeal to this court in response to Judge Burnett's grant of summary judgment and by issuing a new order "essentially indistinguishable" from the first order. *Monroe Auto Equip. Co.* v. *Partlow,* 311 Ark. 633, 635, 846 S.W.2d 637 (1993). Appellees Monroe and Darling then filed an original action for a writ of prohibition challenging the chancellors' actions in response to the circuit court order. In denying their petition for writ of prohibition, we declined to address jurisdictional issues noting that these issues were formulated in the pending appeal and that they could be more appropriately addressed in that action. *Id.* While the appellees' petition for writ of prohibition was pending, appellants were granted a stay of their briefing schedule in the present appeal. Appellants now bring this appeal from the circuit court's grant of summary judgment.

Appellants first argue that the circuit court was without jurisdiction to render a declaratory judgment as to matters falling within the chancery court subject matter jurisdiction, citing Ark. Code Ann. § 16-13-304 (1987 & Supp. 1991), Ark. Code Ann. § 16-111-103(a) (1987) and *Arkansas Dept. of Human Servs.* v. *Ross-Lawhon,* 290 Ark. 578, 721 S.W.2d 658 (1986), to support the proposition that co-equal courts have no authority to rule on the validity of decisions of the other. *See ex parte Dame,* 162 Ark. 382, 259 S.W. 754 (1923). Appellants also cite Ark. Code Ann. § 9-14-105(a) (Repl. 1991), which exclusively assigns jurisdic-

tion of child support matters to chancery.

Appellees respond that the underlying issue here is not child support but local rules, and these local rules are in conflict with 42 U.S.C. § 666(b)(6)(B) and Ark. Code Ann. §§ 9-14-222(d)(9) and 9-14-228(b) (Repl. 1991). Appellees also respond that appellants failed to challenge the circuit court's jurisdiction or to file a motion to transfer pursuant to Ark. Code Ann. §§ 16-57-104(c)(2) and 16-57-105 (1987). A review of the record reveals that appellants did raise the issue both in their response to appellees' motion for summary judgment and in their response to appellees' petition for declaratory judgment, but they did not file a motion to transfer.

We do not labor over whether or not the circuit court's jurisdiction was preserved for appeal as we specifically reserved this issue for appeal in our opinion denying the petition for writ of prohibition:

> We decline to address these arguments, as it appears that they are formulated in the pending appeal [which is now the case before us] and can be more appropriately addressed in that action than in this. That being so, it cannot be said there is no other adequate or appropriate remedy but prohibition.

*Monroe Auto Equip. Co.* v. *Partlow*, 311 Ark. at 636, 846 S.W.2d at 640.

Turning to the merits, then, of the jurisdiction dispute, we look to see whether circuit court had jurisdiction to resolve the issues at hand.

■ Circuit courts and chancery courts are courts of equal power and dignity. In *Ex Parte Dame*, we explained:

> [C]ourts of equal power and jurisdiction have no power to review or control the decisions of each other, but it does not follow from that axiom that, merely because concurrent jurisdiction is conferred in two courts, one is divested of jurisdiction to review decisions of the other. That depends on the Constitution, which confers the jurisdiction.

162 Ark. at 385, 259 S.W.2d at 757.

■ If a chancery court has subject matter jurisdiction to decide a case under our constitution, the circuit court has no power to review that decision.

Here, the underlying subject matter of the dispute involves child support payments, which are clearly within the jurisdiction of chancery court. Arkansas Code Ann. § 9-14-105(a) (Repl. 1991) addresses jurisdiction:

> The chancery courts in the several counties in this state shall have exclusive jurisdiction in all civil cases and matters relating to the support of a minor child or support owed to a person eighteen (18) or older which accrued during that person's minority.

■ Accordingly, we hold that the circuit court was without jurisdiction to review the collateral administrative order defining the matter of paying child support issued by the chancery court. As this court has the power to reverse and remand with instructions to transfer between chancery and circuit courts, *see White* v. *Holmes*, 302 Ark. 545, 790 S.W.2d 902 (1990), we remand this case to circuit court with instructions to transfer to chancery court for further proceedings.