James R. FILYAW *v.* Dr. Michael BOUTON, *et al.*

CA 03-1380

191 S.W.3d 540

Court of Appeals of Arkansas
Division IV
Opinion delivered September 15, 2004

*Law Offices of Charles Karr, P.A.,* by: *Charles Karr* and *Shane Roughley,* for appellant.

*Warner, Smith & Harris, PLC,* by: *G. Alan Wooten, Matthew C. Carter,* and *J. Steven Bell,* for appellees.

*Cox Law Firm,* by: *Walter B. Cox* and *James R. Estes,* for appellees Dr. Catherine Womack, Dr. Steven A. Edmondson, and Sparks Medical Foundation.

*Davis, Wright, Clark, Butt & Carithers, PLC,* by: *Constance G. Clark* and *Sidney P. Davis,* for appellee Sparks Regional Medical Center.

R OBERT J. GLADWIN, Judge. The trial court dismissed this wrongful-death action for lack of subject-matter jurisdiction because the suit was brought by appellant James Filyaw, the special administrator of the estate of Katherine Brown, deceased, prior to the date that the order appointing appellant was filed with the court clerk. On appeal, appellant contends that the trial court improperly

granted the motion to dismiss because the order of appointment was effective when signed, not when the order was actually filed with the clerk. We affirm.

The facts of this case are not disputed. From July 21, 1999, until her death on July 27, 1999, Katherine Brown was receiving medical care from appellee Dr. Michael Bouton at appellee Sparks Regional Medical Center (Sparks). Appellees Dr. Catherine Womack and Dr. Steven Edmondson consulted with Bouton concerning the use of the anticoagulant Coumadin. Appellant filed a petition seeking appointment as special administrator of Brown's estate on July 20, 2001, and Circuit Judge Norman Wilkinson signed an order appointing appellant that same day. The order of appointment was not filed with the circuit clerk's office until July 23, 2001. However, appellant had filed his wrongful-death complaint on July 20, 2001, the same day that the order of appointment was signed. Appellant's acceptance of the appointment was also filed on July 23, 2001, and letters of administration were issued the same day. Appellant later filed both a first-amended complaint and a second amended complaint. Appellees answered, denying the allegations of the complaint. Appellees moved to dismiss the complaint, alleging that the court lacked subject-matter jurisdiction.[1] Appellees argued that, under Ark. R. Civ. P. 58 and Administrative Order No. 2, the order appointing appellant as special administrator was not effective until filed with the clerk. The trial court found that the complaint was a nullity because it was filed prior to the filing of the order appointing appellant special administrator. The trial court also found that, because appellant did not refile the suit after the order of appointment was filed, it was barred by the applicable statute of limitations. Therefore, the trial court dismissed appellant's complaint, and this appeal followed.

■■ Appellant argues one point: that the trial court erred in dismissing the lawsuit. When reviewing a trial court's decision on a motion to dismiss, the facts alleged in the complaint are treated as true and are reviewed in the light most favorable to the

---

[1] In their original answers, Dr. Womack and Dr. Edmondson both admitted that the court had subject-matter jurisdiction. Sparks also admitted jurisdiction in its answer to the original complaint but was dismissed by appellant's taking a nonsuit before being rejoined as a party by appellant's second-amended complaint. All three later moved to dismiss the complaint for lack of subject-matter jurisdiction.

plaintiff. *Goff v. Harold Ives Trucking Co.*, 342 Ark. 143, 27 S.W.3d 387 (2000). All reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Martin v. Equitable Life Assurance Soc'y*, 344 Ark. 177, 40 S.W.3d 733 (2001). A party who relies upon a statute of limitations as defense to a claim has the burden of proving that the full statutory period has run on the claim before the action was commenced. *Davenport v. Pack*, 35 Ark. App. 40, 812 S.W.2d 487 (1991). In order to prevail on a motion to dismiss on the basis of limitations, the complaint must be barred on its face. *Id.*

■ In Arkansas, a medical-malpractice action must be brought within two years of "the date of the wrongful act complained of and no other time." Ark. Code Ann. § 16-114-203 (Supp. 2003). The medical malpractice act applies to all causes of action for medical injury arising after April 2, 1979, including wrongful-death and survival actions arising from the death of a patient. *See St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 73 S.W.3d 584 (2002); *Pastchol v. St. Paul Fire & Marine Ins.*, 326 Ark. 140, 929 S.W.2d 713 (1996).

■■ For the first part of his argument, appellant argues that the order appointing him special administrator was effective when signed, not when filed with the clerk. However, in a long series of cases beginning with *Standridge v. Standridge*, 298 Ark. 494, 769 S.W.2d 12 (1989), both the supreme court and this court have rejected that contention and held that a judicial order is not effective under Rule 58 and Administrative Order No. 2 until it is filed with the clerk of court.[2] Rule 58 provides:

> Subject to the provisions of Rule 54(b), upon a general or special verdict, or upon a decision by the court granting or denying the relief sought, the court may direct the prevailing party to promptly

[2] *See Judkins v. Hoover*, 351 Ark. 552, 95 S.W.3d 768 (2003); *Price v. Price*, 341 Ark. 311, 16 S.W.3d 248 (2000); *Shackelford v. Arkansas Power & Light Co.*, 334 Ark. 634, 976 S.W.2d 950 (1998); *Blaylock v. Shearson Lehman Bros., Inc.*, 330 Ark. 620, 954 S.W.2d 939 (1997); *Clayton v. State*, 321 Ark. 217, 900 S.W.2d 537 (1995); *General Motors Acceptance Corp.*, 318 Ark. 640, 887 S.W.2d 292 (1994); *Nance v. State*, 318 Ark. 758, 891 S.W.2d 26 (1994); *Kelly v. Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992); *A-1 Bonding v. State*, 64 Ark. App. 135, 984 S.W.2d 29 (1998); *Morrell v. Morrell*, 48 Ark. App. 54, 889 S.W.2d 772 (1994); *Brown v. Imboden*, 28 Ark. App. 127, 771 S.W.2d 312 (1989).

prepare and submit, for approval by the court and opposing counsel, a form of judgment or decree which shall then be entered as the judgment or decree of the court. The court may enter its own form of judgment or decree or may enter the form prepared by the prevailing party without the consent of opposing counsel.

Every judgment or decree shall be set forth on a separate document. A judgment or decree is effective only when so set forth and entered as provided in Administrative Order No. 2. Entry of judgment or decree shall not be delayed for the taxing of costs.

Section (b)(2) of Administrative Order No. 2 provides:

The clerk shall denote the date and time that a judgment, decree or order is filed by stamping or otherwise marking it with the date and time and the word "filed." A judgment, decree or order is entered when so stamped or marked by the clerk, irrespective of when it is recorded in the judgment record book.

Rule 58 specifically provides that it is to be read in connection with Administrative Order No. 2. Appellant was appointed special administrator of Brown's estate by order signed on July 20, 2001. This was the relief requested in his petition to the probate court. The order granting that relief was not filed with the clerk until July 23, 2001. Therefore, under Rule 58 and Administrative Order No. 2, the order appointing appellant was not effective until July 23, 2001, when it was filed with the circuit clerk and the letters of administration were issued.

Appellant argues that Rule 58 and Administrative Order No. 2 do not apply in this situation because Ark. Code Ann. § 28-48-103(f) (2004) makes an order appointing a special administrator nonappealable and Rule 54(a), referenced in Rule 58, defines "judgment" as any order from which an appeal lies. However, section 28-48-103(f) does not offer any guidance as to when an order appointing a special administrator *is* effective. In this regard, *Jenkins v. Means*, 242 Ark. 111, 411 S.W.2d 885 (1967), is instructive. That case involved an automobile accident in which both drivers were killed. As a result, the estate of driver one sued the estate of driver two and named the personal representative of driver two's estate as a defendant. However, the probate court had not yet appointed a personal representative for driver two's estate.

The estate of driver two then sued the estate of driver one in a different venue and named the personal representative of driver one's estate, already appointed, as the defendant. The question before the Arkansas Supreme Court was which suit was first-filed for purposes of determining priority of venue. The court held that the first suit, even though it was first-filed, had never been commenced and did not have priority for venue purposes, because the named defendant, the personal representative of driver two's estate, did not exist when suit was filed. Also, the supreme court held that it would not retroactively amend the pleadings in the first suit to account for the appointment of the personal representative. The court further noted that, under what is now Ark. Code Ann. § 28-40-102(b) (2004), a personal representative cannot sue or be sued until letters of administration have been issued.

■ Appellant attempts to distinguish *Jenkins* as being a venue case, which is not an issue in the present case. However, *Jenkins* is important for its holding that a personal representative cannot act until the letters of administration have issued, and the only way the clerk will know to issue the letters is to have the order of appointment filed under Rule 58 and Administrative Order No. 2. In the present case, the letters of administration were not issued until July 23, 2001, *after* appellant had filed the wrongful-death action. Until the issuance of the letters, appellant had no standing under *Jenkins* to file suit. Therefore, the complaint filed on July 20, 2001, was a nullity.

■■ In *McKibben v. Mullis*, 79 Ark. App. 382, 90 S.W.3d 442 (2002), this court, relying on *St. Paul Mercury Insurance, supra*, held that the trial court did not err in dismissing a wrongful-death complaint filed by the surviving husband as executor when he was not appointed executor until some six months after the complaint was filed. This court held that the husband's subsequent appointment as executor did not relate back to the filing of the original complaint because the original complaint was a nullity because all of the heirs had not been named in the complaint and, therefore, was not properly filed. *McKibben* controls the outcome of this case because, as in *McKibben*, an improper complaint was filed prior to the effective appointment of the personal representative and a proper complaint was not filed prior to the expiration of the limitations period. The fact that appellant's order of appointment

was filed prior to the expiration of the limitations period does not change the analysis because appellant did nothing to ratify or refile the action prior to the running of the statute.

Affirmed.

PITTMAN and NEAL, JJ., agree.