JEFFERY L. ULMER, PA; Mountain View Clinic, P.A.; and Dr. Humberto J. Sosa, M.D. *v.* CIRCUIT COURT of POLK COUNTY; The Honorable J.W. Looney, Judge; and Teresa Harris, Special Administratrix of the Estate of Tommy M. Harris, Deceased

05-1035

Supreme Court of Arkansas
Opinion delivered April 27, 2006

*Ledbetter, Cogbill, Arnold & Harrison, LLP,* by: *J. Michael Cogbill,* for petitioner Jeffery L. Ulmer, P.A.

*Cox & Estes, PLC,* by: *James R. Estes,* for petitioner Mountain View Clinic, LLP.

*Kutak Rock, LLP*, by: *Phillip Malcom* and *W.A. McCormick*, for petitioner Dr. Humberto J. Sosa.

DONALD L. CORBIN, Justice. Joint Petitioners Jeffery L. Ulmer, P.A., Mountain View Clinic, P.A., and Dr. Humberto J. Sosa, M.D. ("Petitioners"), petition this court for a writ of prohibition vacating the order of the Polk County Circuit Court denying their motions to dismiss for lack of jurisdiction over the medical malpractice survival and wrongful-death action filed by Respondent Teresa Harris, Special Administratrix of the Estate of Tommy M. Harris ("Respondent"). In support of their petition, Petitioners argue that the circuit court lacks jurisdiction because (1) the survival and wrongful-death action could only be filed by a duly appointed personal representative and because Respondent failed to complete the process appointing her special administratrix at the time she filed the complaint, the complaint is an absolute nullity as a matter of law; and (2) a writ of prohibition is warranted because Respondent cannot cure the null complaint, and the statute of limitations has now expired. Our jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(a)(3). We deny the writ of prohibition.

On December 22, 2000, Tommy M. Harris died at Mena Medical Center as a result of intracranial bleeding due to congestive heart failure, coagulopathy, and renal failure. Two years later, on February 12, 2002, Respondent, Mr. Harris's widow, filed a petition for appointment as special administratrix in Polk County Circuit Court, Probate Division. On March 18, 2002, the probate court entered an order appointing Respondent special administratrix of Mr. Harris's estate. In its order, the court specifically stated:

> Teresa Harris, is hereby appointed Special Administrator of the Estate of Tommy Harris, Deceased; that Teresa Harris is authorized to make claim and process suit for the collection of damages and proceeds on behalf of the estate and statutory beneficiaries and that Special Administrator shall serve without bond until such time as proceeds of the estate are collected.

Following entry of this order, on April 8, 2002, Respondent filed the instant survival and wrongful-death action against Petitioners in her capacity as special administratrix.

On November 26, 2002, the probate court entered an amended order appointing Respondent as special administratrix that was almost identical to the March 18 order except that it also

directed the clerk to issue letters of administration. On November 27, 2002, the clerk issued the letters of administration, and Respondent filed her acceptance on December 16, 2002. On December 22, 2002, the statute of limitations on the medical-malpractice claim expired.

Following the expiration of the statute of limitations, Petitioners began filing motions to dismiss for lack of subject-matter jurisdiction. These motions were filed on January 9, 2003, January 24, 2003, and June 23, 2003. In a July 28, 2003 order, the circuit court denied all three motions to dismiss. Thereafter, the Arkansas Court of Appeals ruled in *Filyaw v. Bouton*, 87 Ark. App. 320, 191 S.W.3d 540 (2004), that a judicial order is not effective until filed with the clerk, and, therefore, the appellant's complaint, filed prior to the date that the order of appointment as special administrator was filed with the clerk, was a nullity. Petitioners subsequently filed renewed motions to dismiss for lack of subject-matter jurisdiction.[1] On June 28, 2005, the circuit court again denied Petitioners' motions to dismiss.

In response to this June 28 order, Petitioners filed a joint petition for writ of prohibition. They assert that the circuit court lacked jurisdiction due to Respondent's failure to comply with the substantive requirements for bringing a survival and wrongful-death action, and that granting the writ would resolve this case in its entirety and result in a dismissal of all claims, thus defeating any piecemeal appeal. On September 22, 2005, this court directed that the petition be submitted as a case.

First, Petitioners argue that the circuit court erred in denying their motions to dismiss because Respondent had not completed the process of being appointed as the special administratrix at the time she filed her complaint. More specifically, they assert that Respondent did not have standing or authority to sue at the time the complaint was filed and, therefore, the circuit court lacked subject-matter jurisdiction to proceed with the complaint. In support of their argument, Petitioners rely on case law stating that only a duly appointed personal representative can bring a survival and wrongful-death action. *See St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 73 S.W.3d 584 (2002) (holding that plaintiffs, the deceased heirs, were without

---

[1] The renewed motions to dismiss were filed on November 22, 2004, December 1, 2004, and December 15, 2004.

standing to bring suit and thus the complaint was a nullity because at the time the complaint was filed, the probate court had already appointed an administrator who was the sole person who could file a survival action); *Ramirez v. White County Circuit Court*, 343 Ark. 372, 38 S.W.3d 298 (2001) (holding that where a wrongful-death action is pursued by heirs-at-law, all heirs-at-law must be joined in the cause of action).

Additionally, Petitioners argue that Respondent had no authority to sue because she failed to obtain the issuance of the letters of administration by filing a bond or by obtaining a proper waiver of the bond and timely filing an acceptance of the administration as statutorily required under Ark. Code. Ann. § 28-48-102 (Repl. 2004). *See Filyaw*, 87 Ark. App. 320, 191 S.W.3d 540. *See also Jenkins v. Means*, 242 Ark. 111, 411 S.W.3d 885 (1967) (holding that the petitioner's action was not properly commenced because a personal representative had not been appointed at the commencement of the action). Consequently, Petitioners argue that a writ of prohibition should be granted due to the circuit court being devoid of subject-matter jurisdiction because the complaint was an absolute nullity as a matter of law.

It is well settled that a writ of prohibition is an extraordinary writ that is only appropriate when the lower court is wholly without jurisdiction. *Ouachita R.R., Inc. v. Circuit Court of Union County*, 361 Ark. 333, 206 S.W.3d 811 (2005); *Monroe Auto Equip. Co. v. Partlow*, 311 Ark. 633, 846 S.W.2d 637 (1993). Jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. *Conner v. Simes*, 355 Ark. 422, 139 S.W.3d 476 (2003); *State v. Circuit Court of Lincoln County*, 336 Ark. 122, 984 S.W.2d 412 (1999). In *Conner*, we thoroughly explained our standard of review for a writ of prohibition and stated:

> The writ is appropriate only when there is no other remedy, such as an appeal, available. Prohibition is a proper remedy when the jurisdiction of the trial court depends upon a legal rather than a factual question. This court confines its review to the pleadings in the case. Moreover, prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction. Additionally, a writ of prohibition is not the appropriate remedy for the denial of a motion to dismiss.

355 Ark. at 425-426, 139 S.W.3d at 478 (citations omitted). Moreover, "writs of prohibition are prerogative writs, extremely narrow in

scope and operation; they are to be used with great caution and forbearance. They should issue only in cases of extreme necessity." *Monroe Auto Equip. Co.*, 311 Ark. at 636, 846 S.W.2d at 639 (citation omitted). With this in mind, we now look at the present case.

Here, we are faced with a survival and wrongful-death action filed against Petitioners. Petitioners claim that the circuit court lacks jurisdiction because Respondent had not completed the requirements for appointment as special administratrix. However, this argument is fatally flawed.

A circuit court, clearly, has jurisdiction over wrongful-death and medical-malpractice claims. *Conner*, 355 Ark. 422, 139 S.W.3d 476. Consequently, there is no doubt the Polk County Circuit Court has subject-matter jurisdiction to hear this case. This is the same type of issue addressed by this court in *Conner* and, as such, *Conner* is controlling. Specifically,

> [t]he propriety of the circuit court hearing such a case, even when it appears that no cause of action exists, is an issue that is not properly addressed by a writ of prohibition because the writ does not prevent the court from erroneously exercising its jurisdiction. Any other view would permit the writ of prohibition to be used not to test the issue of jurisdiction but to test the sufficiency of a complaint filed in a court having jurisdiction both of the subject matter and the person.

*Id.* at 427-428, 139 S.W.3d at 479. As such, the writ of prohibition must be and is denied.

Lastly, it should be noted that Petitioners' reliance on *Filyaw*, 87 Ark. App. 320, 191 S.W.3d 540, is unfounded. *Filyaw* involved the issue of whether it was error for the circuit court to dismiss the lawsuit for lack of subject-matter jurisdiction. While Petitioners rely on this case in an effort to show that Respondent could not proceed with her complaint until after the second amended order of appointment was filed, their reliance actually defeats their argument by showing that the issue is more properly addressed by the circuit court or as an appeal. Similarly, in the present case, the issue of whether Respondent was properly appointed as a personal representative is a factual question that is best resolved by the circuit court. *See Conner*, 355 Ark. 422, 139 S.W.3d 476. As we have repeatedly stated, we will not grant a writ where the trial court may be exercising its jurisdiction erroneously but only when

the circuit court is entirely without jurisdiction. *See Ouachita R.R., Inc.*, 361 Ark. 333, 206 S.W.3d 811; *Conner*, 355 Ark. 422, 139 S.W.3d 476. Thus, it would be improper to grant the writ and this court will not act to override the circuit court's jurisdiction.

Lastly, because we have determined that the circuit court has jurisdiction to proceed with this case and that a writ of prohibition is not a proper remedy, it is unnecessary to address Petitioners' argument that a writ of prohibition is warranted because Respondent cannot cure the null complaint, and the statute of limitations has now expired.

Writ of prohibition denied.