Raymond ELLIS *v.* The Honorable David Lee REYNOLDS,
Circuit Court of Faulkner County

06-1119                                    247 S.W.3d 845

Supreme Court of Arkansas
Opinion delivered January 25, 2007

*Phil Stratton*, for petitioner.

*Mike Beebe*, Att'y Gen., by: *Patrick E. Hollingsworth*, Ass't Att'y
Gen., for respondent.

PAUL DANIELSON, Justice. Petitioner Raymond E. Ellis petitions this court for a writ of prohibition to the respondent

circuit court, the Honorable David Lee Reynolds.[1] His sole basis for the petition is that the circuit court's referral of his estate matter to mediation, pursuant to Ark. Code Ann. § 16-7-202(b) (Supp. 2005), was in derogation of Article 2, §§ 7 and 13, and Article 4, §§ 1 and 2, of the Arkansas Constitution. We deny the petition.

On December 6, 2005, the petitioner was appointed as the personal representative of the estate of the decedent, the petitioner's sister, Mildred Freeman. On February 8, 2006, the petitioner filed with the respondent circuit court a motion for declaratory judgment and motion for production. The motion alleged that the petitioner was the sole heir at law and beneficiary of the last will and testament of the decedent, who left a spouse, James L. Freeman, and no surviving children. The motion asserted that the decedent was the sole owner of certain real property which she and her husband had deeded to her alone on January 27, 1982. The petitioner claimed that, by that deed, the decedent's husband had released all curtesy and homestead rights in and to the property. He further sought certain banking statements and keys to the property, as well as an inventory of the contents of the decedent's safety deposit box, which had been closed. The petitioner prayed for an order declaring him the sole owner of the decedent's real property and commanding the production of the items requested.

On February 17, 2006, the decedent's husband responded to the petitioner's motion, stating that he had a one-half interest in the decedent's estate. He stated that he and the decedent were the owners of the property, that he was currently paying the mortgage on the property, and that he had paid all bills relating to the property since the decedent's death. He prayed that the petitioner's motion be denied.

On April 7, 2006, the petitioner filed a first amended motion for declaratory judgment, which again prayed for a declaration that he was the owner of the property at issue, that he was entitled to possession of the premises, that the premises be sold at a private sale to provide funds to liquidate the decedent's debts, and that the costs of administration be paid to the petitioner and the residue distributed to him. The decedent's husband again responded, denying that he had relinquished any claim he had or may have had

---

[1] Prohibition lies to the circuit court and not to the individual judge. *See Crump v. Ford*, 346 Ark. 156, 55 S.W.3d 295 (2001). Accordingly, we will treat the petition as one against the circuit court. *See id.*

to the property. On May 17, 2006, the petitioner filed a trial brief with the circuit court again raising the same arguments he had previously raised in his motions for declaratory judgment.

On May 19, 2006, the petitioner filed a letter sent to counsel for decedent's husband in which counsel for the petitioner stated that the matter was set for a hearing on the petitioner's motion for June 14, 2006, and that there was nothing to mediate.[2] The matter was continued, and on June 22, 2006, the respondent circuit court entered an order for mediation, directing the parties to "participate in mediation of all issues pending before the Court in the above styled matter." The order further stated that the "parties shall equally split the fees and expenses of mediation, unless they agree on a different share as a part of the mediated settlement."

On July 27, 2006, petitioner filed a motion to dispense with referral to mediation. In it, he claimed that only the interpretation and application of Ark. Code Ann. § 18-12-401 (Repl. 2003),[3] remained for the court to decide and that there was nothing to negotiate, with only a question of law remaining, which was not within the purview of mediation. The decedent's husband responded, asserting that there were items to negotiate, such as who was to pay the mortgage and the percentage thereof until the matter was resolved, whether he would be allowed to remain in the home, how much of the expenses already paid following the decedent's death were to be reimbursed by the executor, and other things. He stated that the matter was scheduled for a hearing on the petitioner's motion for declaratory judgment, but that neither the petitioner nor his counsel appeared. He further maintained that the parties should have the opportunity to resolve the matters in mediation and, thus, the circuit court's order for mediation should remain.

On September 13, 2006, the circuit court entered its order denying the petitioner's order to set aside mediation and stating that no further court settings would be scheduled in the matter until the parties attended mediation and the court had received the mediator's report. A week later, the petitioner filed a second amended motion for declaratory judgment in which he asserted

---

[2] In the beginning of the letter, counsel for the petitioner stated that he had opposing counsel's "fax of May 18 to Judge Reynolds." However, that fax was not made part of the instant record.

[3] That section addresses a deed between spouses.

that the statute relied on by the circuit court in sending the matter to mediation, Ark. Code Ann. § 16-7-202, was unconstitutional, as it and its domestic-relations counterpart, Ark. Code Ann. § 9-12-322 (Repl. 2002),[4] denied a person's right to free and untrammeled access to the courts. He then filed a notice of appeal on September 25, 2006, in which he sought to appeal the circuit court's order denying his motion to dispense with mediation.

On October 2, 2006, the petitioner filed with this court the instant petition for a writ of prohibition and lodged a partial record. In his petition, the petitioner claims that the circuit court had no power to compel mediation. He asserts that referral of a statute's construction to mediation is improper and that the circuit court's selection of a mediator was unconstitutional.

The State, on behalf of the circuit court, responds that the petitioner has not challenged the jurisdiction of the circuit court to order mediation, but instead challenges the constitutionality of a statute, for which prohibition is not an appropriate remedy. It further asserts that the statutes at issue do not violate the constitutions of either the United States or the State of Arkansas. The decedent's husband also responds that prohibition is not the appropriate remedy and that the statutes at issue are not in violation of the federal or state constitutions.

A writ of prohibition is an extraordinary writ. *See McCarthy v. Pulaski County Circuit Court*, 366 Ark. 316, 235 S.W.3d 497 (2006). The writ should issue only when the lower court is wholly without jurisdiction. *See id.* Jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. *See Ulmer v. Circuit Court of Polk County*, 366 Ark. 212, 234 S.W.3d 290 (2006). Further, the writ is appropriate only when there is no other remedy, such as an appeal, available. *See McCarthy v. Pulaski County Circuit Court, supra.* Our standard of review for a writ of prohibition has been previously set forth:

> The writ is appropriate only when there is no other remedy, such as an appeal, available. Prohibition is a proper remedy when the jurisdiction of the trial court depends upon a legal rather than a factual question. This court confines its review to the pleadings in

---

[4] Section 9-12-322 provides, in part, that a circuit court may require the parties to a divorce action to attend parenting classes or mediation and that each party shall be responsible for his or her cost of attending the classes or mediation.

the case. Moreover, prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction. Additionally, a writ of prohibition is not the appropriate remedy for the denial of a motion to dismiss.

*Ulmer v. Circuit Court of Polk County*, 366 Ark. at 215, 234 S.W.3d at 293 (quoting *Conner v. Simes*, 355 Ark. 422, 425-26, 139 S.W.3d 476, 478 (2003) (citations omitted)). Moreover, "writs of prohibition are prerogative writs, extremely narrow in scope and operation; they are to be used with great caution and forbearance. They should issue only in cases of extreme necessity." *Id.* at 215-16, 234 S.W.3d at 294 (quoting *Monroe Auto Equip. Co. v. Partlow*, 311 Ark. 633, 636, 846 S.W.2d 637, 639 (1993) (citation omitted)). With this in mind, we must determine whether a writ of prohibition should issue in the instant case.

■ We hold that the writ should not issue as the circuit court in the instant case was not wholly without jurisdiction. With the passage of Amendment 80 to the Arkansas Constitution, the circuit courts and chancery courts of this state were merged. *See First Nat'l Bank of DeWitt v. Cruthis*, 360 Ark. 528, 203 S.W.3d 88 (2005). As a result of the merger, courts that were formerly chancery and circuit courts are now referred to as circuit courts. *See id.* Section 6(A) of Amendment 80 specifically provides that the "[c]ircuit courts are established as the trial courts of original jurisdiction of all justiciable matters not otherwise assigned pursuant to this Constitution." Ark. Const. amend. 80, § 6(A). Thus, the circuit courts' jurisdiction now includes all matters previously cognizable by circuit, chancery, probate, and juvenile court. *See First Nat'l Bank of DeWitt v. Cruthis, supra; see also* Ark. Const. amend. 80, § 19(B)(1); Administrative Order of the Sup. Ct. No. 14, §§ 1(a)-(b). Accordingly, the respondent circuit court had jurisdiction over the petitioner's motion for declaratory judgment stemming from his administration of the decedent's estate.

■ In addition, the interpretation or constitutionality of a statute is clearly an issue that can be determined by a circuit court and then appealed. *See, e.g., Arkansas Game & Fish Comm'n v. Herndon*, 365 Ark. 180, 226 S.W.3d 776 (2006) (discussing cases in which a writ of certiorari was denied where the party merely complained that a trial court had erroneously interpreted a statute). Once a circuit court rules on a statute's constitutionality, that decision can be appealed following the circuit court's entry of a

final order. Thus, we hold that the determination of a statute's constitutionality is not an issue that requires an extraordinary writ.

For the foregoing reasons, we deny the petitioner's petition for a writ of prohibition.

Petition denied.